## WILLIAM MONSON

*v.*

### NANCY M. HUTCHIN *et al.*

*Opinion filed February 21, 1902.*

1. TRUSTS—*parol express trust is void under the Statute of Frauds.* The Statute of Frauds, if invoked, operates to defeat the establishment of an express trust unless it is evidenced in writing.

2. SAME—*when defense of Statute of Frauds may be raised by demurrer.* The defense of the Statute of Frauds may be interposed by way of demurrer to a bill to establish an express trust, if it does not affirmatively appear from the allegations of the bill that there is written proof of the creation of the trust.

3. SAME—*resulting trust does not arise out of contract.* A resulting trust does not arise out of the contract of the parties, but is an implication of law based upon facts not arising out of contract.

APPEAL from the Circuit Court of DeWitt county; the Hon. W. G. COCHRAN, Judge, presiding.

On the 7th of March, 1901, the appellant filed his bill in chancery in the circuit court of the county of DeWitt, in and by which said bill it is alleged that in 1867 one Bushrod W. Monson, the father of appellant, by way of gift conveyed to appellant, by warranty deed, certain lands described in said bill, situated in said county of DeWitt, and containing about two hundred and forty acres; that at the time of said conveyance to him, as aforesaid, appellant was unmarried and lived with his father on said premises, and occupied the same for the space of about three years after the same was so conveyed to him, and that subsequently the same, by the

permission of appellant, was occupied by the said Bush-rod W. Monson, and that he received the rents, issues and profits thereof up to the time of his death, which occurred October 8, 1900; that in 1881, the said Bushrod W. Monson becoming advanced in years and by reason thereof un-fitted to carry on the business of farming, and being de-sirous of retiring from said occupation and living in the city of Clinton, in said county, and not having the ready means with which to purchase a home in said city, appel-lant sold forty acres of the land so conveyed to him by the said Bushrod W. Monson and invested the same in property in said city, described in said bill and a deed from Thomas Argo to appellant, for a residence for the said Bushrod W. Monson; that on the 18th day of Octo-ber, 1882, appellant, then being the owner of all of said land conveyed to him by the said Bushrod W. Monson except the forty sold, together with the said city prop-erty above mentioned, re-conveyed the same to the said Bushrod W. Monson without consideration or any con-tract of purchase; that at the time of the making of said conveyance by appellant there was no intention on the part of appellant of making a gift of the same to said Bushrod W. Monson, nor did the said Bushrod W. Mon-son understand or expect that he was receiving a gift from appellant; that at the time of making the above conveyance appellant was a married man, having a wife and three minor children then living, and that the real estate then conveyed was all the real estate owned by appellant; that the sole and only purpose of said con-veyance so made by appellant to the said Bushrod W. Monson was the better to secure to the said Bushrod W. Monson and to his wife, then living but since deceased, a home and comfortable living from the rents, issues and profits thereof during their lifetime, and to free the same from any financial trouble or difficulty that might from any cause overtake appellant in the course of the said Bushrod W. Monson's lifetime; that it was the in-

tention of the said Bushrod W. Monson, in his lifetime, to either re-convey said premises to appellant or devise them by will to him, but in the course of his declining years he became incapable, mentally, of transacting the ordinary business of life and incompetent to execute a valid conveyance or will, and that he was so incapable for more than five years prior to his death, which occurred on October 8, 1900; that in the conveyance to appellant by the said Bushrod W. Monson in 1867 a mistake was made in the description of one forty-acre tract, and asked to have the same corrected; that Bushrod W. Monson died October 8, 1900, leaving no widow him surviving; that appellant, and the appellees, Nancy M. Hutchin and Mary T. McHenry, were his only surviving children and only heirs-at-law. Said bill prays that the mistake in said deed be corrected by the decree of the court, and that the equitable title to the real estate so conveyed by appellant to the said Bushrod W. Monson be declared to be vested in appellant, and that he be decreed to be the owner thereof in fee simple.

It is assigned as for error that the circuit court sustained a demurrer to this bill and decreed that it be dismissed at the cost of the appellant.

E. J. SWEENEY, for appellant.

JOHN FULLER, and WARNER & LEMON, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The Statute of Frauds, if invoked, operates to prevent the creation of an express trust in lands unless evidenced in writing. (*Dicken* v. *McKinley*, 163 Ill. 318; *Dick* v. *Dick*, 172 id. 578). The defense of the Statute of Frauds may be interposed by way of a demurrer to a bill in equity to enforce an express trust, if it does not affirmatively appear from the allegations of the bill that there is written proof of the creation of the trust. (*Dicken* v. *McKinley, supra.*) Counsel for appellant insist the bill disclosed

facts from which the law will imply a resulting trust. A resulting trust does not arise out of the contract of the parties, but is an implication of law from the existence of facts necessary to justify the implication. It can not be created by contract, but exists, if at all, independent of any contract. (*Williams* v. *Brown*, 14 Ill. 200; *Mayfield* v. *Forsyth*, 164 id. 32.)

The allegations of the bill here under consideration are, in substance, first, that the absolute interest in fee did not pass by the deed to Bushrod W. Monson, but only the right to the grantee therein and his wife to receive the rents, issues and profits of the land for and during the period of their lives, respectively; second, that the grantee in the deed received the title for the purpose of keeping the same free "from financial trouble or difficulty" that might overtake the grantor, the appellant; third, that the grantee was to re-invest the grantor with the title, either by deed or will. These allegations can only be sustained by proof that it was agreed on the part of the grantee that his interest under the deed was such, only, as would entitle him to the possession and rents of the land, and that he had agreed that he would hold the title for the grantor and would re-invest the title in the grantor by the execution of a deed or will. The bill does not aver these alleged agreements were reduced to writing. Whatever rights or interest in this land remained in the grantor, the appellant, after the execution of this deed, if any, or whatever relation of trust existed between the grantor and the grantee, if any, depended wholly upon the force and effect of a verbal understanding or agreement between them. The trust, if any, was express, and was void under the Statute of Frauds, for the reason it was not evidenced by any manner of writing. (*Biggins* v. *Biggins*, 133 Ill. 211; *Mayfield* v. *Forsyth*, *supra*.)

The demurrer was properly sustained, and the decree dismissing the bill is affirmed.         *Decree affirmed.*