684          BORROW v. BORROW.

[No. 4900.     Decided April 14, 1904.]

MATILDA BORROW, *Appellant,* v. FRED BORROW *et al.,*
*Respondents.*[1]

APPEAL—REVIEW—FINDINGS ON CONFLICTING EVIDENCE. Where
there is decided conflict on material points, the trial court's de-
cision as to the weight of the evidence should not be disturbed,
where the trial court saw and heard the witnesses.

VENDOR AND PURCHASER—ADVANCEMENT OF PRICE FOR BENEFIT
OF ANOTHER—RESULTING TRUST—DEED AS A MORTGAGE. Where a
daughter advanced the price, $1,800, for premises purchased by
her parents, taking a deed in her own name, under an oral agree-
ment whereby they agreed to repay the purchase price within two
years, with $15 per month as compensation for the loan, she occu-
pies the double position of trustee of a resulting trust and mort-
gagee, holding the title for her parents and as security for the
amount advanced.

SAME—STATUTE OF FRAUDS—PAROL EVIDENCE. Such a result-
ing trust is excepted from the operation of the statute of frauds
and may be proved by parol evidence, where there is mutual
obligation to pay and receive the money advanced.

SAME—PART PERFORMANCE—POSSESSION AS TENANTS. The fact
that the purchasers were in possession as tenants of the former
owner at the time of the agreement can not be urged to show
that there was no taking of possession amounting to part per-
formance to take the case out of the statute of frauds, where it
further appears that, relying upon their agreement, the parties
purchased and paid for an adjoining lot for use in connection
with the premises, made improvements on the premises, and paid
interest on the loan, such expenditures and change in the situa-
tion creating an equitable estoppel against the plea of the statute
of frauds requiring contracts for the purchase of real estate to
be in writing.

SAME—AGREEMENT NOT TO BE PERFORMED WITHIN ONE YEAR.
Such a trust relation and part performance defeats the claim that
the agreement was an oral contract not to be performed within
one year.

Appeal from a judgment of the superior court for Kitti-
tas county, Rudkin, J., entered April 21, 1903, upon the

[1]Reported in 76 Pac. 305.

findings and decision of the court in favor of defendants, after a trial on the merits, dismissing an action to enjoin the defendants from building upon premises claimed by the plaintiff. Affirmed.

*Mires & Warner* and *Graves & Englehart,* for appellant, to the point that where the vendees are occupying the premises there is no such taking of possession as to take the case out of the statute of frauds, cited: *Swales v. Jackson,* 126 Ind. 282, 26 N. E. 62; *Johnston v. Glancy,* 4 Blackf. 94, 28 Am. Dec. 45; *Rucker v. Steelman,* 73 Ind. 396; *Arnold v. Stephenson,* 79 Ind. 126; *Brawdy v. Brawdy,* 7 Pa. St. 160; *Christy v. Barnhart,* 14 Pa. St. 260, 53 Am. Dec. 538; *Birkbeck v. Kelly* (Pa.), 9 Atl. 313.

*Pruyn & Slemmons,* for respondents.

HADLEY, J.—Respondents are husband and wife and appellant is their daughter. Appellant brought this suit against respondents and alleged, that she is the owner of the north half of lot 1, block 22, in the original town of Ellensburg; that the respondents were the tenants in possession under appellant's grantor, at the time the appellant purchased the property, and have since continued in occupancy thereof as appellant's tenants; that appellant has a brick building upon a portion of said lot, and respondents have commenced the construction of a wooden building upon the lot, connecting with said brick building, and made other changes in appellant's building, are continuing and threatening to continue to complete the construction of said wooden building and to make other changes in the brick building, against the protest of appellant. It is alleged that respondents are insolvent and that damages are not recoverable, for which reason a restraining

order is prayed to prevent respondents from doing further building, or making further changes upon the premises.

The respondents answered that, during the month of June, 1902, they were desirous of purchasing the premises described in the complaint, and obtained from the agent of the owner the price and terms upon which they could be bought, the same being $1,800 cash, or $1,850 part cash and part on time; that respondents agreed to buy the property, and the agent agreed to sell the same to them, and also agreed that respondents could have a short time to determine whether they would pay cash in full or purchase on the deferred payment plan; that, on or about July 6, 1902, the appellant, having ready money and knowing of the desire and intention of respondents to purchase said premises, and knowing of their agreement to purchase the same as aforesaid, did, at the request of respondents, agree with them to purchase the premises for respondents at the cash price of $1,800, to take the deed therefor in her own name, and give the respondents two years' time in which to pay her the $1,800 purchase price, together with $15 per month as compensation for the use of the money, and that she would then convey the premises to them; that, in pursuance of said agreement, appellant paid said purchase price and received a deed for the premises, in which she is named as grantee; that, upon the faith of said agreement with appellant, respondents went into possession of the premises, and have since occupied and retained possession thereof, making valuable improvements thereon; that they have paid appellant the sum of $60 as compensation for the use of said $1,800. The answer contains many other allegations, but the above, we believe, sufficiently state the issue.

A trial was had before the court without a jury. The court made findings of facts and entered conclusions of

law to the effect, that the deed, conveying the premises to appellant, was intended as a mortgage, and is a mortgage, to secure the sum of $1,800 loaned by her to respondents, with interest thereon; that appellant holds the legal title in trust for respondents; and that the latter are entitled to a judgment dismissing the action.  Judgment was entered accordingly, and this appeal was taken.

Errors are assigned upon the court's findings of facts. We have read and considered the evidence.  There is decided conflict in the testimony upon material points.  The trial court, however, found the weight thereof to be with respondents.  We do not think the record will justify us in finding otherwise, especially in view of the fact that the trial court saw and heard the witnesses testify, and was therefore better able to determine the relative value of conflicting testimony.  The facts found by the court are substantially the same as alleged by the respondents in their answer, and as heretofore stated.

It is next assigned that the court erred in its conclusions of law.  The proofs showed that the agreement between appellant and respondents, requiring the conveyance to appellant as security for the loan of the $1,800, was not in writing.  It is therefore urged that the transaction was within the statute of frauds, and that no acts of the parties have taken it without the statute.  It is further contended that the transaction was within the statute declaring a contract void when not in writing, and when, by its terms, it is not to be performed within one year from the time it is made.  It is a well established rule that parol evidence is admissible to show that an instrument, though in form a deed, is in fact a mortgage.  It is also the rule when, by verbal agreement, the purchase money for real estate is paid by one person and the conveyance is made to another, that a resulting trust arises against the person to whom

the land is conveyed, in favor of the one by whom the purchase money is paid. The same rule applies when the money is merely advanced as a loan by the party taking the title.

"The same rule prevails if the money paid by the party taking the title is advanced by him as a loan to the other, and the conveyance is made to the lender for the purpose of securing the loan. But in the latter case the purchaser cannot demand the conveyance until he has paid the money advanced, and for which the land is held as security. In such a case the grantee holds a double relation to the real purchaser, he is his trustee of the legal title to the land and his mortgagee for the money advanced for its purchase, and, as in the case of any other mortgage which is evidenced by an absolute deed, is entitled to retain the title until the payment of the claim for which it is held as security; and he may also enforce his lien by an action of foreclosure. The conveyance is none the less a mortgage because it was conveyed to him directly by a third party, to secure his loan to the purchaser for the amount of the purchase-money, than if the conveyance had been made directly to the purchaser in the first instance, and the purchaser had then made a conveyance to him as a security for the money that he had previously borrowed with which to make the purchase. He is regarded as holding the land in trust for the protection of the purchaser, but this rule is not to be so extended as to enable the purchaser to work him an injury." *Campbell v. Freeman,* 99 Cal. 546, 547-8, 34 Pac. 113.

That such a resulting trust, arising by implication, is excepted from the operation of the statute of frauds, and may be proved by parol testimony, is declared in *Boyd v. M'Lean,* 1 Johns. Ch. 582. The early decisions upon the subject are there generally reviewed and discussed. This principle is fully recognized and the above case approved in *Getman v. Getman,* 1 Barb. Ch. 499, cited by appellant here. The court, however, refused to apply the principle

in that case for the reason that, while there was an agreement upon the one part to sell and convey to those who asserted the existence of a resulting trust, yet there was no agreement upon their part that they would take the property and pay the amount advanced, or even the interest thereon. It was held, therefore, that the agreement had no consideration to support it, even if it had been reduced to writing, and that it created neither a contract nor a trust which took it out of the operation of the statute of frauds. There is no such lack of mutual consideration in the case at bar, and we think a resulting trust was created.

The respondents had possession of the land from the time of the purchase. They had, however, been in possession as tenants of the former owner, and appellant contends that there was therefore no taking of possession under the contract, amounting to part performance, which takes the case without the statute of frauds. The authorities cited by appellant sustain the view that mere continuance of possession, when one is already in occupancy, is not of itself a part performance.

Each case must, however, be controlled by its own circumstances, and the evidence shows the following circumstances in this case: Respondents, relying upon their said agreement with appellant, purchased an adjoining lot and paid their own money therefor. It is clear from the evidence that they would never have made this expenditure if they had not relied upon said agreement. They desired to own and control it, so as to prevent others from building in such proximity to the aforesaid adjoining structure as would darken the windows thereof. It is also clear that they valued this adjoining lot only for its convenient use in connection with the other, and paid a much larger sum for it than they would otherwise have done if they had not relied upon their agreement with appellant. Expendi-

44-34 WASH.

tures were then made by respondents for improvements upon said building, the expenditures having reference to the changed situation occasioned by the purchase of said adjoining lot. Compensation for the money loaned was also paid by respondents, and received by appellant. The acts of the parties, we think, were clearly referable to their contract, were done in pursuance of that agreement; and appellant, knowing thereof, acquiesced therein at the time. It is the rule that acts relied upon to show part performance must have been done in pursuance of the agreement, and be referable to that alone. 2 Warvelle, Vendors, p. 786. Touching the scope of the above stated rule, the court, in *Brown v. Hoag,* 35 Minn. 373, 29 N. W. 135, 137, says:

"It may be well, at this point, to correct what we deem misapprehensions on part of appellant as to the meaning and application of certain familiar rules governing this subject of part performance. He invokes the rule that acts relied on as part performance must be referable to and done in pursuance of the contract, and seems to assume that this includes only acts which were *stipulated* to be done in the contract itself, and as a part thereof. We do not understand this to be the law. While the phrase 'part performance' is commonly used as a short and convenient statement of the general ground upon which verbal agreements regarding real estate are enforced, yet the whole doctrine rests upon the principle of fraud, and proceeds upon the idea that the party has so changed his situation, on the faith of the oral agreement, that it would be a fraud upon him to permit the other party to defeat the agreement by setting up the statute. Hence the term 'part performance' falls far short of expressing the whole doctrine and theory of courts of equity in this matter. The change of situation necessary to create this equitable estoppel, must, of course, have been made in reliance upon, and in pursuance of, the oral agreement, and so connected with the performance of the contract that, from

the nature of the case, the defendant should understand it was done in reliance upon his agreement. The acts done must be related to and connected with the contract, and the defendant's performance of it. The plaintiff must show that in reliance on the contract, he has proceeded, either in *performance* or *pursuance* of it, to so far alter his position as to incur 'an unjust and unconscientious injury and loss' in case the defendant is permitted to rely upon the statutory defense. But this change of situation is not confined to doing what the contract *stipulated;* that is, 'part performance,' strictly so called."

We think, within the comprehensive rule stated above, that such a change of situation occurred here from the acts of the parties, resulting from reliance upon appellant's oral agreement, as creates an equitable estoppel against appellant to now claim that the agreement was within the statute of frauds. See, also, Browne, Statute of Frauds (5th ed.), §§ 457a, 458.

The contention that this was an oral contract not to be performed within one year is not available here, by reason of the trust relation resulting from the contract and from part performance. The real question involved is, not the specific performance of the original parol agreement, but, rather, the enforcement of the trust which resulted by operation of law from the original agreement and the acts of the parties. *Rayl v. Rayl,* 58 Kan. 585, 50 Pac. 501; *Fall v. Hazelregg,* 45 Ind. 576, 15 Am. Rep. 278.

We think, therefore, that appellant is estopped to urge the statute of frauds by reason of the oral agreement, and that she occupies the double position of being both trustee of a resulting trust and mortgagee. She is trustee holding the legal title for respondents, and is mortgagee for the amount loaned and the stipulated compensation.

Specific performance may be enforced against her, she may be compelled to convey tó respondents, if they shall fully pay the amount and, if not, she may foreclose her mortgage.

The judgment is affirmed.

FULLERTON, C. J., and MOUNT, DUNBAR, and ANDERS, JJ., concur.