RACHEL KREBS, surviving widow of Frederich Krebs, deceased, and administratrix with the will annexed of the estate of said deceased, Plaintiff and Appellee, v. JANE LAUSER, ET AL., Defendants and Appellees, and JAMES D. PATTERSON, Defendant and Cross-petitioner, Appellant.

**Deed as security:** EXPRESS TRUST: PAROL EVIDENCE.  Where one actually loans the money with which to buy land and takes title in his own name as security the conveyance may be shown by parol to be a mortgage; but where he pays for it with his own money taking the title with an agreement to hold it for the benefit of another and to convey it upon performance of the agreement by the latter, an express trust is created which cannot be proven by parol.

**Same:** EVIDENCE.  An absolute deed cannot be established a mortgage except upon clear and satisfactory evidence.  Evidence held insufficient to meet the rule.

*Appeal from Washington District Court.*— HON. W. G. CLEMENTS, Judge.

THURSDAY, FEBRUARY 7, 1907.

SUIT in equity to establish the title of real estate in certain heirs of the deceased, Frederich Krebs. The appellant, James D. Patterson, filed a cross-petition claiming title to the same land and asking that the same be vested in him by decree. There was a trial and judgment for the defendant appellees. James D. Patterson alone appeals.— *Affirmed.*

*S. W. & J. L. Brookhart* and *W. H. Butterfield,* for appellant.

*C. J. Wilson,* and *Eicher & Eicher,* for appellees.

SHERWIN, J.— The appellant, James D. Patterson, was a son-in-law of the deceased, Krebs, and a farmer who, for many years prior to 1893, was a tenant on several different

1. DEED AS SE-CURITY: ex-press trust: parol evidence.

ent farms in the neighborhood where his father-in-law resided. In 1893, he was living as a tenant of Mrs. Mary Stewart on the land in controversy. In September of that year, Krebs suggested to Patterson that he ascertain whether the land was for sale, and, if so, the price asked for it. This Patterson did, and on the 27th of the month Mrs. Stewart conveyed the land to Krebs by warranty deed, he at the time making a cash payment thereon and executing and delivering to Mrs. Stewart his individual notes for the balance of the purchase price. At the same time, and as a part of the same transaction, Patterson executed and delivered to Krebs three notes aggregating the exact amount that had been paid for the land. The appellant contends that he was the purchaser of the land, that he borrowed the money therefor of Krebs, and that the deed to Krebs was a mortgage securing his notes.

Patterson's lease from Mrs. Stewart expired in the spring of 1894, and he continued in possession of the land thereunder until the expiration thereof, when he took a written lease from Krebs for one year, agreeing therein to

pay as rent for the land the sum of $226.25 per year. The lease also contained this provision: " It is hereby expressly agreed  .  .  .  that the second party is to have the privilege of buying the farm provided he can make the payments as they become due. The rents above specified being for the interest on the purchase money of the farm; and it is further agreed that, should the second party wish to make any improvements on the farm, said improvements are to be at his own expense unless otherwise agreed between the parties hereto. Said second party further agrees to pay all taxes levied upon said premises during said lease." Patterson has remained in possession of the land ever since, as we understand the record. The notes given by him to Krebs were retained by the latter until some time in 1895 when Patterson claims they were surrendered to him by Krebs. At any rate, they have been in Patterson's possession since that time. Mary Patterson, the wife of the appellant, died in 1898 leaving, surviving her, eight children, who are named as defendants herein, and to whom the land in question was awarded by the trial court. Frederich Krebs died testate in 1904. By the terms of his will, he makes specific bequests of all of the real estate owned by him or in his name of record, some eight hundred and twenty-five acres, except the farm in controversy containing one hundred and seventy-five acres which was conveyed to him after he made his will, and a small tract of timber land. After the land was conveyed to Krebs, and after he had leased it to the appellant, the latter made substantial improvements thereon from time to time until the death of Krebs. The land assessed to Krebs and he paid the taxes thereon notwithstanding the requirement of the lease that the appellant pay them. Appellant kept the buildings thereon insured, and, at the beginning of each year under the lease, he gave Krebs his notes for the rent or interest for that year.

As we view this case, the question of controlling importance is whether Krebs in fact loaned the appellant the

money necesary to buy this farm and took the conveyance in his own name as security for such loan  If he did, it is clearly competent to prove the transaction by parol testimony, for it ·is a well-settled rule that a deed absolute on its face may be shown to be a mortgage.  *Bigler v. Jack,* 114 Iowa, 667; *Rogers v. Davis,* 91 Iowa, 730; *Conlee v. Heying,* 94 Iowa, 734.  But, if Krebs paid his own money for the land and took the title thereto under some kind of an agreement that he was to hold it for the use and benefit of the appellant and ·later convey it to him, such an agreement would create an express trust which must be executed in the same manner as deeds, and hence cannot be proven by parol.  Code, section 2918; *Dunn v. Zwilling,* 94 Iowa, 234; *Hain v. Robinson,* 72 Iowa, 735; *Thorp v. Bradley,* 75 Iowa, 53.

A deed absolute on its face will not be declared a mortgage, except upon proof that is clear and sat-
2. SAME: evidence.    isfactory.  *Robertson v. Moline M. Stoddard Co.,* 106 Iowa, 414; *Langer v. Meservey,* 80 Iowa, 158.

We have examined and considered the evidence in this case with great care, and reach the conclusion that the proof relied upon by the appellant falls far short of the requirement of our cases.  The absolute conveyance and the written lease are physical facts in the case furnishing strong and convincing proof that no loan was in fact made to the appellant before the deed was executed and delivered to Krebs, and that the real agreement between them amounted to no more than a conditional sale of the property by Krebs to the appellant.  It is true, the appellant gave Kreb notes for the same amount he had paid for the land, ·but that is not really inconsistent with the theory of a conditional sale, when, in connection therewith, we consider the stipulation in the lease that appellant was to have the privilege of buying the farm provided he made the payments as they became due; the payments therein, referred to evidently being represented by his notes.  If the appellant had in fact borrowed the purchase price of the farm from Krebs

and executed his notes therefor, the farm would have been his although the title stood in Krebs, and the provision of the lease which is set out herein and to which we have just referred, would mean nothing.   The only evidence tending to controvert this conclusion consists of declarations alleged to have been made by Krebs when he took title to the land and on a few occasions thereafter.   But these are more than offset by the appellant's own declarations and acts during the years intervening between the purchase of the land and the time of the trial.

    The judgment is right and it is *affirmed*.