[No. 7053.   Decided February 10, 1908.]

## HOLLY STREET LAND COMPANY, *Appellant*, v. PAULINE BEYER, *Respondent*.[1]

TRUSTS.— RESULTING TRUSTS — PAROL EVIDENCE TO ESTABLISH. There is an exception to the rule that a trust in real property cannot be proved by parol, where an effort was made to oust parties in possession claiming adversely, and the trustee intervened for their benefit, taking a quitclaim deed in his own name for convenience; since equity will not permit such a trustee to assert title against the persons for whose benefit it was acquired.

HUSBAND AND WIFE—COMMUNITY OR SEPARATE PROPERTY.   Where separate property of a husband is conveyed in exchange for other property, the latter is not community property.

TRUSTS—DEED BY TRUSTEE—JOINDER BY WIFE.   Where property is acquired by a married man as trustee for another, his wife need not join in a conveyance thereof.

TRIAL—RECEPTION OF EVIDENCE—TIME FOR OBJECTION.   An objection to parol evidence of a deed, on the ground that there was no sufficient evidence of its loss, is waived if not made when the parol evidence was offered.

MONEY PAID — LIENS FOR — EJECTMENT — LIEN FOR ADVANCES.   A lien for moneys, advanced by a trustee in compromising a foreclosure suit for the benefit of defendants, cannot be asserted by innocent purchasers from the trustee, in their action of ejectment, upon their failure to sustain their title, especially where the advancement was made as a gift or in discharge of a legal obligation.

APPEAL—REVIEW—QUESTIONS NOT PRESENTED BELOW.   Unsuccessful plaintiffs in ejectment, entitled to a lien for taxes paid, cannot assert a claim therefor on appeal, when not presented in the court below.

Appeal from a judgment of the superior court for Whatcom county, Neterer, J., entered May 14, 1907, upon the verdict of a jury rendered in favor of the defendant, in an action of ejectment.   Affirmed.

*Healy & Slentz* and *Fairchild & Bruce*, for appellant.

*Rose & Craven*, for respondent.

[1]Reported in 93 Pac. 1065.

RUDKIN, J.—The defendant in this action acquired title to the property in controversy on the 13th day of June, 1890. On the 12th day of December, 1891, judgment of foreclosure was entered against the property in the superior court of Whatcom county, in a certain action wherein the Fairhaven Land Company was plaintiff and the defendant herein and her husband were defendants. The property was sold on execution pursuant to this judgment on the 30th day of January, 1892, and bid in by the execution plaintiff, the Fairhaven Land Company. The sale was thereafter confirmed and a sheriff's deed issued to the purchaser on the 20th day of October, 1893. On the 15th day of March, 1897, a writ of assistance was awarded to place the purchaser in possession. While this writ was in the hands of the sheriff for execution, and on the 17th day of February, 1898, one R. E. Meyer settled and compromised the matter with the Fairhaven Land Company, by conveying to that company certain lands owned by him, the deed of conveyance reciting that the property so conveyed was his separate property. The Fairhaven Land Company in turn, on the same day, quitclaimed and released the property in controversy to Meyer. On the 5th day of September, 1899, Meyer conveyed this property, together with other property, to his brother Fred Meyer, and the plaintiff in this action claims title by mesne conveyance under him. The defendant on the other hand claims title; (1) by adverse possession for more than ten years; (2) by deed from R. E. Meyer of an earlier date than the deed under which the plaintiff claims; and (3) upon the ground that the title acquired by Meyer from the Fairhaven Land Company was taken in trust for the defendant. The case was tried before a jury, and from a judgment in favor of the defendant, the plaintiff has appealed.

The first and principal assignment of error is the refusal of the court to withdraw the case from the consideration of the jury and direct judgment in favor of the appellant. This

assignment is very general and numerous questions have been discussed under it. It is contended that a trust in real property cannot be proved by parol; that the title acquired by Meyer from the Fairhaven Land Company was community property and could not be conveyed by him without his wife joining in the conveyance, and that there was no sufficient evidence of the loss of the deed from Meyer to the respondent, or of its execution, contents, or delivery.

While it is true, as a general rule, that a trust in real property cannot be proved by parol, we think this case falls within a well-established exception to that rule. The respondent was in possession of the property holding and claiming adversely to the Fairhaven Land Company, whether rightfully or wrongfully we need not inquire. When an effort was made to oust her, Meyer intervened and agreed to settle the adverse claim to the property for her and in her behalf. He did so by paying the amount demanded by the adverse claimant, and took a quitclaim deed in his own name merely as a matter of convenience, and because of certain difficulties then existing between the respondent and her husband. When a party acquires title to property in such a way, a court of equity will not permit him, or those claiming under him, to assert the title so acquired against the person in whose behalf and for whose benefit it was acquired. *Borrow v. Borrow*, 34 Wash. 684, 76 Pac. 305; *Peterson v. Hicks*, 43 Wash. 412, 86 Pac. 634, and cases there cited.

The claim that the title acquired by Meyer under the quitclaim deed from the Fairhaven Land Company became community property of himself and wife, is not borne out by the record. The property conveyed by Meyer in settlement and satisfaction of the claim of the Fairhaven Land Company was his separate property, or at least the conveyance so recited. If it was community property he conveyed nothing in exchange. The quitclaim deed was, therefore, acquired in exchange for separate property or by gift, and in either event

the interest acquired would be separate property. Furthermore, if Meyer acquired title to the property in controversy as a naked trustee he acquired no beneficial interest, and a joinder of his wife in a reconveyance was unnecessary. It is quite apparent from the record that there was no sufficient evidence of the loss of the deed from Meyer to the respondent to warrant the admission of parol testimony of its contents. But an objection of this kind cannot be raised for the first time in a request for instructions, or in this court. If not made when the parol testimony is offered, it is deemed waived. *Wheeler, Osgood & Co. v. Ralph,* 4 Wash. 617, 30 Pac. 709; *Price v. Scott,* 13 Wash. 574, 43 Pac. 634.

Considering the fact that the respondent remained in possession of the property in controversy, claiming the same as her own, until the death of Meyer some four years after he acquired the quitclaim deed, and considering further the declarations of the grantor, the relationship of the parties and all the surrounding circumstances, we think there was ample testimony of the execution, contents, and delivery of the deed to warrant the submission of the question to the jury. Some objections are urged against the charge of the court, but these present no questions that we have not already considered.

The appellant suggests that it is at least entitled to a lien against the property for the amount paid by Meyer, and for the amount of the taxes paid. The action was not prosecuted for the purpose of enforcing a lien for moneys advanced by Meyer, and furthermore, it appears that the advancement was made as a gift or in satisfaction of some obligation legal or moral which Meyer deemed he owed to the respondent; and from such a payment no claim or cause of action could accrue. The appellant was doubtless entitled to a lien for taxes paid on the property, but such claim should have been presented to the court below at or prior to the rendition of judgment. It cannot be asserted here for the first time.

This disposes of all the questions presented by the appeal, and finding no error in the record, the judgment is affirmed.

HADLEY, C. J., FULLERTON, CROW, MOUNT, and DUNBAR, JJ., concur.