[No. 7491. Decided January 16, 1909.]

C. M. SPAULDING, *Appellant*, v. ANGIE B. COLLINS *et al.*,
*Respondents*, VALERIA M. SPAULDING, *Appellant*.[1]

EQUITY—LACHES—TRUSTS IN REAL ESTATE — LAPSE OF TIME.
Where a husband and wife conveyed premises on which they lived
to a third party, under a verbal agreement that the grantee would
redeem the same from a mortgage and hold the same in trust for his
wife, and the husband afterwards left the state, secured a divorce
from his wife, and made no claim to the property for twenty years,
he is barred by laches from setting up the trust or asserting any
interest in the land.

TRUSTS—EXPRESS OR RESULTING TRUSTS—ORAL EVIDENCE TO ES-
TABLISH. An absolute deed for the expressed consideration of one
dollar, made to a third person by mortgagors pending foreclosure,
under an oral agreement by the grantee to advance the money to
redeem from the mortgage and to hold the land in trust for the use
of one of the mortgagors until the sum advanced is repaid, is an
express and not a resulting trust, and oral evidence is inadmissible
to establish the same, under Bal. Code, § 4517, requiring contracts
creating an incumbrance on real property to be by deed.

SAME—PART PERFORMANCE—ADVERSE POSSESSION BY GRANTOR. In
such a case, continued possession of the mortgaged property by the
mortgagor *cestui que trust* for twenty years after execution of the
deed, by consent of the grantee and without payment of rent or any
accounting, is not such part performance of the trust as to take the
same out of the operation of the statute of frauds, or to permit of
parol evidence to establish the trust; and such possession is not
adverse to the grantee.

Appeal from a judgment of the superior court for King
county, Frater, J., entered December 20, 1907, upon findings
in favor of the defendants, after a trial before the court with-
out a jury, in an action to declare a trust and for an account-
ing. Affirmed.

*Fairchild & Bruce*, for appellants, contended, among other
things, that where one conveys property but retains posses-
sion under parol contract for a reconveyance, continuing in

[1] Reported in 99 Pac. 306.

a possession theretofore initiated is part performance suffi-
cient to satisfy the statute and admit parol evidence to show
the actual facts. *Peck v. Stanfield,* 12 Wash. 101, 40 Pac.
635; *Latham v. Scribner,* 45 Wash. 266, 88 Pac. 203; *Bor-
row v. Borrow,* 34 Wash. 684, 76 Pac. 305; *Miller v. Au-
senig,* 2 Wash. Ter. 22, 3 Pac. 111; *Peterson v. Hicks,* 43
Wash. 412, 86 Pac. 634; *Holly Street Land Co. v. Beyer,*
48 Wash. 422, 93 Pac. 1065. The arrangement, so far as
Collins is concerned, operated precisely as though he had
been Colman. *Gruhn v. Richardson,* 128 Ill. 178, 21 N. E.
18; *Wolford v. Herrington,* 74 Pa. St. 311, 15 Am. Rep.
548; *Allen v. Jackson,* 122 Ill. 567, 13 N. E. 840. The evi-
dence clearly indicates a relation of trust and confidence.
*Trotter v. Smith,* 59 Ill. 241. The property was community
property. *Gund v. Parke,* 15 Wash. 393, 46 Pac. 408.
Upon the dissolution of the marriage it became joint prop-
erty. *Ambrose v. Moore,* 46 Wash. 463, 90 Pac. 588, 11 L.
R. A. (N. S.) 103; *Graves v. Graves,* 48 Wash. 664, 94 Pac.
481. The deed was given to Collins for the purpose of pro-
tecting him and Colman against any loss, and constituted an
equitable mortgage. *Borrow. v. Borrow* and *Peterson v.
Hicks, supra; Avery v. Stewart,* 136 N. C. 426, 48 S. E. 775;
*Russell v. Wade,* 146 N. C. 116, 59 S. E. 345. There was
in the transaction the promise on the part of Collins to pay
the mortgage and taxes and make future advances. The
absence of written evidence could not abridge the fact. *Ord-
way v. Downey,* 18 Wash. 412, 51 Pac. 1047, 52 Pac. 228,
63 Am. St. 892. The arrangement was that Collins would
enlarge the credit of Mrs. Spaulding and charge interest on
it. This was more than enough to show the relation of
debtor and creditor. *Stephens v. Allen,* 11 Ore. 188, 3 Pac.
168; *Snavely v. Pickle,* 29 Gratt. 112; *Montgomery v. Spect,*
55 Cal. 352; *Crane v. Buchanan,* 29 Ind. 570; *Brant v. Rob-
ertson,* 16 Mo. 129; *Turner v. Wilkinson,* 72 Ala. 361. Great
stress is justly laid upon the fact that what is alleged to

have been the price bore no proportion to the value of the thing said to have been sold. *Russell v. Southard*, 12 How. 139; *Stevens v. Allen, supra; Gilchrist v. Beswick*, 33 W. Va. 168, 10 S. E. 371; *Robinson v. Farrelly*, 16 Ala. 472; *Reed v. Reed*, 75 Me. 264; *Daniels v. Lowery*, 92 Ala. 519, 8 South. 352; *Campbell v. Dearborn*, 109 Mass. 130, 12 Am. Rep. 671. Where doubt arises whether a transaction was a sale or a mortgage, it will be held to be the latter. *DeBruhl v. Maas*, 54 Texas 464; *Eaton v. Green*, 22 Pick. 526; *Locke's Ex'r v. Palmer*, 26 Ala. 312; *Lawrence v. DuBois*, 16 W. Va. 443. The statute of limitations has no application, since there was the continued debt in the Whitney mortgage, and the continuing debt in favor of Collins, with the mortgagors in continued possession. *Jackson v. Lynch*, 129 Ill. 72, 21 N. E. 580, 22 N. E. 246. If there was not the relation of debtor and creditor, there was a trust, a constructive trust or a trust *ex maleficio*. If it was a mortgage only, continued possession of the mortgagor was a condition which time would ripen into a title, ending the right of foreclosure, title going to the mortgagor and not to the mortgagee. *Hughes v. Edwards*, 9 Wheat. 489, 6 L. Ed. 142. If a continuing trust, the statute of limitations could not intervene until the trust had been repudiated in unequivocal terms. *Jackson v. Lynch, supra*. If Collins took the property originally as a security for his advances and afterwards conceived the idea of keeping it as his own, he violated the confidence reposed in him, and became thenceforth a trustee *ex maleficio*. *Larmon v. Knight*, 140 Ill. 232, 29 N. E. 1116, 33 Am. St. 229; *Rozell v. Vansyckle*, 11 Wash. 79, 39 Pac. 270; Perry, Trusts, § 171; *Clark v. Haney*, 62 Tex. 511, 50 Am. Rep. 536; *Rollins v. Mitchell*, 52 Minn. 41, 53 N. W. 1020, 38 Am. St. 519. If there was no intention upon the part of Collins to reconvey the property to Valeria Spaulding, then her title is perfect by adverse possession. *Olson v. Howard*, 38 Wash. 15, 80 Pac. 170;

*Kline v. Stein,* 30 Wash. 189, 70 Pac. 235; *Northern Pac. R. Co. v. Hasse,* 28 Wash. 353, 68 Pac. 882, 92 Am. St. 840. When a mortgagee in fact takes as security a deed in form, an attempt to convert such a mortgage into an absolute deed is such a fraud as equity will correct, and hear parol evidence to enable it to do so. *Sprigg v. Bank of Mt. Pleasant,* 14 Pet. 201, 10 L. Ed. 419; *Russell v. Southard,* 12 How. 139, 13 L. Ed. 927; *O'Neill v. Capelle,* 62 Mo. 202. Where a speedy demand or notice to pay would manifestly violate the purposes of the contract, or where delay in making the demand was contemplated by the express terms of the contract, a demand need not be made within the statutory period. 2 Perry, Trusts, § 863; *Daugherty v. Wheeler,* 125 Ind. 421, 25 N. E. 542; *Neyland v. Bendy,* 69 Tex. 711, 7 S. W. 497.

*Hughes, McMicken, Dovell & Ramsey,* for respondents.

MOUNT, J.—The appellant C. M. Spaulding brought this action against the estate and heirs of John Collins, deceased, and also against Valeria M. Spaulding, alleging that certain real estate in King county was conveyed by the appellants to John Collins in trust; and he prayed that the trust be declared, the property sold, and an accounting be had between the appellants and the estate of said Collins, and that the balance, if any, be paid to the appellants. The estate and heirs of John Collins, deceased, denied that there was any trust; and Valeria M. Spaulding answered by way of cross-complaint, alleging substantially the facts set up in the complaint. After a trial, the court concluded that the alleged trust deed was the result of an express trust which could not be proved by parol, and that there was no other evidence of a trust, that the deed was not a mortgage, and that the appellants are now barred by laches; and therefore dismissed the action. The plaintiff C. M. Spaulding and cross-complainant Valeria M. Spaulding have appealed.

The facts are substantially as follows: In the year 1885 the appellants were husband and wife. They lived in Seattle

upon six lots, being the lots in question, which lots were then their community property. These lots were mortgaged for $4,100, one mortgage for $3,500 upon four of them, and another mortgage for $600 upon the other two. C. M. Spaulding at that time was owing many debts which were unsecured. Some or all of these debts were surety and personal obligations. In August, 1885, the holder of the mortgage for $3,500 brought an action to foreclose the same, and on October 27, 1885, a decree of foreclosure was entered for $4,055.33, and $202.76 costs. On the next day, viz., October 28, 1885, while that action was pending, and while the appellant Valeria M. Spaulding was living upon the property, she and her husband, for an expressed consideration of one dollar, executed and delivered a deed conveying the property to John Collins, subject to the mortgage for $3,500. There was nothing in the deed itself to show a trust, and there was no written declaration of trust. But the oral evidence is to the effect, that Collins paid nothing for the deed of conveyance; that he was requested by Mrs. Spaulding and one J. M. Colman to take the title to the lots so as to protect the same from the claims of creditors of C. M. Spaulding. Afterwards there was some talk between Mr. Colman and Mr. Collins to the effect that they together would help Mrs. Spaulding redeem from the mortgage foreclosure, and hold the property or sell it, and after reimbursing themselves for expenses, pay the balance, if any, to Mrs. Spaulding. Mr. Colman thereafter advanced some $2,756 to Mr. Collins for that purpose, and Mr. Collins advanced a much larger amount. After the execution of this deed, Mrs. Spaulding continued to reside upon the property, which was improved with a house and barn and a small orchard. At the time of the execution of this deed, the grantors were not indebted to the grantee, and there was no fiduciary relation existing between them, and there was no obligation on the part of the grantee to redeem the property from the mortgages, and no obligation on the part of the grantors to repay the money which the grantee might

thereafter advance. Appellant C. M. Spaulding left Seattle about this time and went to Portland, Oregon, where he secured a divorce from Valeria M. Spaulding on May 17th, 1888. Since that time the appellants have lived apart.

After taking the deed above mentioned, Mr. Collins advanced considerable sums of money for the payment of taxes, grade and sidewalk assessments, and interest on the mortgage debt, until January, 1890, when he paid the amount due on the mortgage, which had been foreclosed, and the judgment of foreclosure was satisfied. In the year 1891, Mr. Collins and wife mortgaged all the property in question, with other property, to secure debts of their own. About the time these mortgages were given by Mr. Collins, some new arrangement was made between Mr. Collins and Mrs. Spaulding, but the nature of that arrangement is not shown, except that thereafter Mr. Collins advanced small sums of money to Mrs. Spaulding, who continued to reside upon the property. Later, in 1894 and 1897, these mortgages were foreclosed and the property sold to third parties. But afterwards, in 1899, Mr. Collins repurchased the property. Between the years 1893 and 1899 the value of the property did not exceed the cost to Mr. Collins; but after the year 1899, the value began to appreciate, until at the time of the trial the value of the property was about $65,000.

In the year 1903 Mr. Collins died, and his executors took charge of the property. It was shown that Mr. Collins during his lifetime kept separate accounts of all his property, the cost, expenses, and improvements were charged against each property owned by him or in which he was interested, and the revenue therefrom was credited to each. An account of this kind was kept of the property in question. It was denominated the "Spaulding Property a-c," which showed that this property on January 1, 1903, had cost him more than $20,000. Mrs. Spaulding never paid any rent for the use of the property, but has resided thereon to the present time; and since she has been in possession Mr. Collins and his em-

ployees have made all improvements and looked after the property generally. At one time, in about the year 1889, it was proposed to sell the property, but Mrs. Spaulding objected, and the sale was not made. In the year 1901, Mr. Colman suggested that then would be a good time to sell the property so that he and Mr. Collins would both get their money out of it. Mr. Collins consented, but no sale was made. In the year 1905, or more than twenty years after the making of the deed, the appellant C. M. Spaulding brought this action to declare the deed a trust deed. This is in brief the substance of the material facts.

It is contended by the appellants that the continued possession of Valeria M. Spaulding is such part performance of the trust agreement as to take the case out of the rule that an express trust in real property may not be shown by parol evidence, and that if Mr. Collins took the title as security for future advances, and afterwards conceived the notion of keeping the property for his own, he became a trustee *ex maleficio*, which may be shown by parol. As to the appellant C. M. Spaulding, we are satisfied that he is barred by laches from claiming any interest in the property. He parted with all his interest in the property, by a deed regular in form, more than twenty years before he brought this action. In that time he made no claim to the property, but on the contrary, when his creditors were seeking to collect on their claims, he stated that he had no property of any kind and no interest in this particular property. He has stood by during all these years and made no effort to reclaim the property in any way. When the property was taken over by Mr. Collins in the year 1885, there is no evidence of any kind that it was to be held for C. M. Spaulding. The oral evidence is that the trust was for the benefit of Mrs. Spaulding alone. Under these facts C. M. Spaulding is clearly barred by laches.

Under the view we take of the case, it is not necessary to decide the question of laches as applied to Valeria M. Spauld-

ing.  We are satisfied from the evidence of Mr. J. M. Colman, who was the only witness who testified as to what the trust agreement really was, that the trust, if any, was an express trust, and not a trust *ex maleficio*, or resulting trust.  This witness testified that Mrs. Spaulding wanted his son to take the deed, but that witness objected.

"So she spoke of Mr. Collins.  I told her I would see him, and I saw Mr. Collins about it.  .  .  .  There was no talk about his buying the property.  She did not talk about his buying the property.  What she wanted was to have it deeded over to him until she could pay his debts.  .  .  .  She was afraid, she said, that her husband was running bills and they would be after her for the money and it might come against her property; that was the reason she wanted to get rid of it. She wanted it turned over to somebody that would protect her."

We think this evidence clearly shows an express trust which cannot be established by parol.  *Holly Street Land Co. v. Beyer*, 48 Wash. 422, 93 Pac. 1065.

There is no evidence of bad faith on the part of Mr. Collins, at the time the deed was made or subsequently.  There is no evidence that the Spauldings were indebted to Mr. Collins at that time, or that Mr. Collins agreed to advance any money on account of the deed; and no circumstances which would take the case out of the general rule, as there were in the cases of *Holly Street Land Co. v. Beyer, supra,* or *Borrow v. Borrow,* 34 Wash. 684, 76 Pac. 305, and *Peterson v. Hicks,* 43 Wash. 412, 86 Pac. 634, therein cited, all of which are relied upon by the appellants.  The rule is well settled under statutes like ours—Bal. Code, § 4517 (P. C. § 4435), providing that contracts creating incumbrances upon real estate shall be by deed—that it is only when fraud, actual or constructive, intervenes that equity will permit a trust agreement to be proved by parol.  *Monson v. Hutchin,* 194 Ill. 431, 62 N. E. 788; *Benson v. Dempster,* 183 Ill. 297, 55 N. E. 651; *Krebs v. Lauser,* 133 Iowa 241, 110 N. W. 443; *Rogers v. Richards,* 67 Kan. 706, 74 Pac. 255; *Thomas v. Churchill,*

48 Neb. 266, 67 N. W. 182; *Kinsey v. Bennett,* 37 S. C. 319, 15 S. E. 965; *Coffey v. Sullivan,* 63 N. J. Eq. 296, 49 Atl. 520; *Hillman v. Allen,* 145 Mo. 638, 47 S. W. 509; 15 Am. & Eng. Ency. Law (2 ed.), p. 1192, and cases cited.

In *Hillman v. Allen, supra,* the court said:

"The essential inquiry that arises upon this record is whether the trust sought to be proved and enforced is an express trust or an implied resulting trust. If express, there can be no resulting trust, and parol evidence is not admissible to prove that an absolute conveyance was made upon an express trust not declared in the writing itself. *Green v. Cates,* 73 Mo. 115; *Kingsbury v. Burnside,* 58 Ill. 310; *Stevenson v. Crapnell,* 114 Ill. 19, 28 N. E. 379. The character of the alleged trust in this case must be ascertained from the petition, and the evidence offered in support thereof. . . . the father conveyed said real estate by deed absolute to his son without qualification or limitation of any kind in the deed, and contemporaneously imposed upon the son the express parol trust to sell the lot as trustee for his father, pay off the liens, and refund the balance. If these averments and this testimony do not charge an attempt to establish an express trust of lands, then it would be difficult indeed to define an express trust within the meaning of the statute."

Appellants seek to avoid this rule by claiming that the continued possession of Mrs. Spaulding was a part performance and therefore took the case without the rule. In the case of *Borrow v. Borrow, supra,* where we held that a grantee named in a deed was a mortgagee, we said at page 689:

"The respondents had possession of the land from the time of the purchase. They had, however, been in possession as tenants of the former owner, and appellant contends that there was therefore no taking possession under the contract, amounting to part performance, which takes the case without the statute of frauds. The authorities cited by appellant sustain the view that mere continuance of possession, where one is already in occupancy, is not itself a part performance."

Mrs. Spaulding's possession in this case was of the kind there referred to. She simply continued in occupancy and nothing more. Her occupancy did not constitute an adverse holding.

"By the execution and delivery of a deed of land the entire legal interest in the premises vests in the grantee, and if the grantor continues in possession afterward his possession will not be that either of tenant or trustee of the grantee. He will be regarded as holding the premises in subserviency to the grantee, and nothing short of an explicit disclaimer of such relation and a notorious assertion of right in himself will be sufficient to change the character of his possession and render it adverse to the grantee." 1 Cyc. 1039.

It is, therefore, quite clear that the mere continued possession of the granted premises by Mrs. Spaulding was not a part performance sufficient to avoid the general rule as above stated. The deed in this case cannot be considered as a mortgage by reason of the fact that there never was any debt owing by either of the appellants of the grantee, nor was there any obligation by the appellants or either of them to pay any advances made by the grantee. There is nothing in the record to show any bad faith on the part of the grantee. The trust, if any exists, is an express trust which cannot be proved by parol, and equity will not therefore interfere to change the contract from what it appears upon its face to be.

The judgment must therefore be affirmed.

RUDKIN, C. J., CROW, and FULLERTON, JJ., concur.

DUNBAR and CHADWICK, JJ., took no pa: t.