[No. 10836.  Department One.  February 8, 1913.]

NATHAN A. ARNOLD, *Respondent*, v. MINNIE M. HALL,
*Appellant*.[1]

TRUSTS—EXPRESS TRUSTS—AGREEMENT TO RECONVEY—PAROL PROOF
—ADMISSIBILITY. An express trust which cannot be proved by parol
evidence, arises where a son, in order to appease his infirm mother,
who believed his marriage changed the title from separate to com-
munity property, conveyed property to his mother by deed absolute
in form, without consideration, under an agreement that she should
immediately reconvey to him, there being no claim of fraud other
than the failure of the trustee to perform the express contract;
since no fraud inheres in the original transaction, and equity will
not raise a constructive trust on mere breach of an express contract
to convey.

Appeal from a judgment of the superior court for Thurs-
ton county, Mitchell, J., entered April 24, 1912, in favor of
the plaintiff, after a trial on the merits before the court, in
an action to declare a trust. Reversed.

*Jas. J. Anderson*, for appellant.

*Thomas M. Vance*, for respondent.

GOSE, J.—On the 24th day of May, 1911, the plaintiff
conveyed to his mother, Sarah E. Arnold, by a deed absolute
in form, with covenants of warranty, a tract of land contain-
ing twenty acres, situate in Thurston county, in this state.
On the 5th day of June following, Mrs. Arnold conveyed the
property to the defendant, her daughter, by a deed of gen-
eral warranty. Mrs. Arnold died on the 29th day of June
following. On the day succeeding, this action was com-
menced, the plaintiff contending that he conveyed the prop-
erty to his mother in trust, upon her promise to reconvey
it to him. There was a decree for the plaintiff. The de-
fendant has appealed.

[1]Reported in 129 Pac. 914.

There was nothing in the deed to show a trust, and there was no written declaration of a trust. It will be observed that the appellant and the respondent are sister and brother. The basis of the respondent's claim, as alleged in the complaint, is that he was the owner of the land when he made the conveyance to his mother, and had then owned it for about twelve years; that she was then "infirm in mind and body" and believed that his recent marriage had transformed the property from separate to community property; that by reason of her "said infirmity," she believed that he would be deprived of his right thereto as his separate estate, and that the transformation "might in the future work injury and damage" to him; that she believed that such result might be avoided by a conveyance of the property to her and the reconveyance by her to him, and "that yielding to the solicitations of his mother and to relieve her anxiety and uneasiness, plaintiff conveyed the said property as described, to her and had his wife join in said conveyance; that these were the sole considerations passing for the said conveyance, and that, at the time of its making, it was agreed and understood that his mother, Sarah E. Arnold, would promptly reconvey the said property to plaintiff." It is further alleged that the appellant had knowledge of these facts at the time of their occurrence. A general demurrer to the complaint was overruled. The testimony submitted by the respondent is to the effect that the mother promised to reconvey the property by "a gift or legacy." When the plaintiff rested, a demurrer to the evidence was likewise overruled.

The demurrer to the evidence should have been sustained. The trust alleged and proven was an express trust.

"Direct or express trusts are created by the direct or express words of a grantor or settlor." 1 Perry, Trusts and Trustees (6th ed.), § 73.

The distinction between express and implied trusts is pointed out by Beach on Trusts and Trustees, vol. 1, page 172, as follows:

"A fundamental distinction between express and implied trusts is, that the former, presumably, are created by the voluntary, or free and deliberate act of the parties, that they are in accordance with equity and that by the terms of their creation they are permanent in their operation; while in the latter, from the nature of the case, the element of permanency is absent, and that of rightfulness, so far as relates to the intention of the responsible party, and of freedom of action as well, may be altogether lacking. The essential idea of an implied trust involves a certain antagonism between the *cestui que trust* and the trustee, even where the trust has not arisen out of fraud, nor out of any transaction of a fraudulent or immoral character."

The case is controlled by: *Spaulding v. Collins*, 51 Wash. 488, 99 Pac. 306; *Kinney v. McCall*, 57 Wash. 545, 107 Pac. 385; *Pilcher v. Lotzgesell*, 57 Wash. 471, 107 Pac. 340; *Holmes v. Holmes*, 65 Wash. 572, 118 Pac. 733, 68 L. R. A. (N. S.) 645; *Kalinowski v. McNeny*, 68 Wash. 681, 123 Pac. 1074. Our statute, Rem. & Bal. Code, § 8745, provides:

"All conveyances of real estate or of any interest therein, and all contracts creating or evidencing any encumbrance upon real estate shall be by deed."

The cases cited settle the law in this state in this, that a resulting trust can, and that an express trust cannot, be proven by parol testimony, the latter being within the prohibition of the statute quoted. In *Spaulding v. Collins*, one of the grantors continued to reside upon the premises without paying rent, for more than twenty years after they had conveyed the property by a deed absolute in form, there being no written declaration of trust either in the deed or otherwise. More than twenty years after conveying the property, the grantors brought an action contending that the grantee was a trustee *ex maleficio*, or if not, that a resulting trust had been created. The facts relied upon to establish the trust, and the view of the court as to the nature of the trust

created, may be best stated in the language of the opinion.
It says:

"We are satisfied from the evidence of Mr. J. M. Colman,
who was the only witness who testified as to what the trust
agreement really was, that the trust, if any, was an express
trust, and not a trust *ex maleficio*, or resulting trust. This
witness testified that Mrs. Spaulding wanted his son to take
the deed, but that witness objected. 'So she spoke of Mr.
Collins. I told her I would see him, and I saw Mr. Collins
about it. . . . There was no talk about his buying the
property. She did not talk about his buying the property.
What she wanted was to have it deeded over to him until she
could pay his debts. . . . She was afraid, she said, that
her husband was running bills and they would be after her
for the money and it might come against her property; that
was the reason she wanted to get rid of it. She wanted it
turned over to somebody that would protect her.' We think
this evidence clearly shows an express trust which cannot be
established by parol. *Holly Street Land Co. v. Beyer,* 48
Wash. 422, 93 Pac. 1065. . . . The rule is well settled
under statutes like ours—Bal. Code, § 4517 (P. C. § 4435),
providing that contracts creating incumbrances upon real
estate shall be by deed—that it is only when fraud, actual
or constructive, intervenes that equity will permit a trust
agreement to be proved by parol."

In the course of the opinion, the court quoted with ap-
proval from *Hillman v. Allen,* 145 Mo. 638, 47 S. W. 509,
as follows:

"The essential inquiry that arises upon this record is
whether the trust sought to be proved and enforced is an ex-
press trust or an implied resulting trust. If express, there
can be no resulting trust, and parol evidence is not admiss-
ible to prove that an absolute conveyance was made upon an
express trust not declared in the writing itself. *Green v.
Cates,* 73 Mo. 115; *Kingsbury v. Burnside,* 58 Ill. 310;
*Stevenson v. Crapnell,* 114 Ill. 19. The character of the al-
leged trust in this case must be ascertained from the peti-
tion, and the evidence offered in support thereof. . . .
the father conveyed said real estate by deed absolute to his
son without qualification or limitation of any kind in the deed

and contemporaneously imposed upon the son the express parol trust to sell the lot as trustee for his father, pay off the liens, and refund the balance. If these averments and this testimony do not charge an attempt to establish an *express trust* of lands, then it would be difficult indeed to define an express trust within the meaning of the statute."

In conclusion, the court said:

"The trust, if any exists, is an express trust which cannot be proved by parol, and equity will not therefore interfere to change the contract from what it appears upon its face to be."

In *Kinney v. McCall*, it is said:

"The conveyance to Lide Gonder was absolute in form, and if there was a trust in favor of the grantors, or in favor of Mrs. Kinney, or in favor of Mrs. Kinney and the children, it was an express trust and could not be proven by parol. *Spaulding v. Collins*, 51 Wash. 488, 99 Pac. 306. The wisdom of the rule excluding parol testimony in such cases was never better illustrated than in the case at bar."

In vol. 2 of Pomeroy's Equity Jurisprudence (2d ed.), § 1053, the following pertinent language occurs:

"In general, whenever the legal title to property, real or personal, has been obtained through actual fraud, misrepresentations, concealments, or through undue influence, duress, *taking advantage of one's weakness or necessities*, or through any other similar means or under any other similar circumstances which render it unconscientious for the holder of the legal title to retain and enjoy the beneficial interest, equity impresses a constructive trust on the property thus acquired in favor of the one who is truly and equitably entitled to the same; . . . and a court of equity has jurisdiction to reach the property either in the hands of the original wrongdoer, or in the hands of any subsequent holder, until a purchaser of it in good faith and without notice acquires a higher right, and takes the property relieved from the trust."

In saying that "it is only when fraud, actual or constructive, intervenes that equity will permit a trust agreement to be proved by parol," this court had reference to such fraud

as inhered in the original transaction.  Otherwise all trusts, whether express or implied, could be proven by parol, for in the larger sense the failure or refusal of the trustee of an express trust to execute the trust would be constructive fraud, and the statute would be rendered nugatory.  In the instant case, there is no claim of fraud other than the failure of the trustee to perform her express contract.

The respondent relies upon *Rozell v. Vansyckle*, 11 Wash. 79, 39 Pac. 270, and *Bluett v. Wilce*, 43 Wash. 492, 86 Pac. 853.  In *Rozell v. Vansyckle*, a mentally weak, ignorant, old man, conveyed eighty acres of land without consideration to Vansyckle, upon whose counsel he unreservedly relied.  Vansyckle assured him that he would hold the land in trust for him and reconvey it upon his request.  The court said that the promise of the grantee was made in bad faith and with intent to deceive, and hence amounted to "an actual fraud." The court held in effect that the transaction created a trust *ex maleficio*.  In *Bluett v. Wilce* the plaintiff sought to establish a trust *ex maleficio* in real property.  The complaint alleged facts which if true would have established that the plaintiff had been induced to convey the property to the defendant by means of his fraudulent representations.  The court said that the complaint disclosed a trust *ex maleficio*, but the evidence was not of that clear and convincing character required in such cases, and the plaintiff was denied relief.

The respondent argues that the transaction raised either a trust *ex maleficio* or a constructive trust.  He pleaded an express contract to reconvey the property, and the evidence submitted is in harmony with the complaint.  This would create an express trust.  It is true that equity will raise a constructive trust to prevent a fraud, but where there is an express trust there can be, in the very nature of things, no implied or constructive trust.  We need not consider the cases cited by the respondent from other jurisdictions, of which *Bowler v. Curler*, 21 Nev. 158, 26 Pac. 226, 37 Am.

St. 501, is a type. It holds that equity will raise a construc-
tive trust when an express contract to reconvey the property
has been breached. Such view is not only a virtual repeal
of the statute of frauds, but is in clearest conflict with the
decisions of this court to which reference has been made.

The judgment is reversed, with directions to enter a judg-
ment for the appellant.

MAIN, MOUNT, CHADWICK, and PARKER, JJ., concur.