[No. 9504.   Department One.   November 10, 1911.]

THOMAS A. HOLMES, *Appellant*, v. EDWARD B. HOLMES *et al.*, *Respondents*.[1]

TRUSTS — EVIDENCE — WRITTEN EVIDENCE — ACKNOWLEDGMENT OF TRUST.   It is competent to prove an express trust, under a deed reciting a nominal consideration, by a contemporaneous writing signed by the trustee acknowledging that he held the land in trust; and such writing need not be acknowledged pursuant to the statute of frauds.

TRUSTS—EXPRESS TRUSTS—REVOCATION.   A voluntary conveyance of land under an express trust to pay certain debts, to use the income for the grantor's support, and in case of his death, for the use of his brothers and sisters, is irrevocable, if created with an intelligent understanding of the nature of the act.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered November 22, 1910, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action for specific performance.   Affirmed.

*George Olson* (*Edward Judd*, of counsel), for appellant.

*Edgar J. Wright*, for respondents.

GOSE, J.—The plaintiff conveyed certain property in the city of Seattle to his brother, the defendant Edward B. Holmes, on the 7th day of June, 1909, by a deed absolute in form.   On the same day he assigned to him a contract which he had for the purchase of ten acres of land in Benton county. Both instruments of conveyance recite a consideration of five dollars.   The complaint alleges, in substance, that the conveyances were made without consideration and upon condition that the property should be reconveyed upon demand.   A demand for a reconveyance proving unavailing, this action was brought to compel it.   The defendant answered that he holds

[1]Reported in 118 Pac. 733.

the property under the terms of an express trust, evidenced by his declaration executed upon the day the deed and assignment were executed and delivered, and which is as follows:

"June 7th, 1909.

"I hereby acknowledge that I hold in trust the following property transferred to me by Thomas Holmes, that is the house and lot in block B, Brooklyn Sup'l Addition, and ten acres near Prosser, in Benton county, for the following purposes: 1st; to collect the rents and apply them to paying any indebtedness to Holmes Lumber Company of Seattle, or in paying for the Benton land. 2d. After that to use the income in investments for Thomas Holmes, or to pay them to him, if necessary for his support. 3rd. When he dies to deed it, or any investments of it to his sisters and brother James.          (Signed)    Edward B. Holmes."

The court found that the plaintiff conveyed the property to Edward B. Holmes "of his own free will and accord," in consideration of the latter's promise to hold the property in trust.   It further found that, at the same time and as a part of the transaction, the defendant Edward B. Holmes executed the declaration of trust which we have set forth; that it was shown to plaintiff, and delivered to defendant Joseph Holmes for safe keeping.   These findings are supported by the evidence.   The court deduced as a conclusion of law, "that said trust agreement, being made as a part and parcel of the same transaction in which the deeds were executed and delivered, is to be considered with said deeds as an express trust."   There was a judgment for the defendants.   The plaintiff has appealed.

The appellant's contention is that the property having been conveyed without consideration, an implied or resulting trust arose, and that he was entitled to revoke the trust at his pleasure and compel a reconveyance.   The respondent Edward B. Holmes, who will hereafter be spoken of as the respondent, contends that he holds the property subject to an express trust, the terms of which are stated in his declaration, and that it is irrevocable.   The appellant meets this conten-

tion with the argument that no one but the beneficial owner can declare the trust, or execute a declaration which will take the transaction out of the statute of frauds.

The rule in this state is that a resulting trust can, and an express trust cannot, be proven by parol testimony. *Spaulding v. Collins*, 51 Wash. 488, 99 Pac. 306. The important and decisive question in the case is, can an express trust be proven by a writing signed by the trustee. We think the question must receive an affirmative answer. In vol. 3, Pomeroy's Equity Jurisprudence (3d ed.), § 1007, this view is announced in the following language:

"The written evidence of the trust which will satisfy the statute *may* come from the grantor,—the one who intends that a trust shall be created for a certain beneficiary,—or from the trustee,—the grantee to whom the land is conveyed for the purposes of the trust, but not from the *cestui que trust.* The grantor may declare the trust in the will or the deed by which the land is conveyed or devised, or in an instrument separate and distinct from the conveyance; or he may declare himself a trustee, and that he holds the land in trust, without conveying the legal title. When the trust is not created in and by the instrument of conveyance, it may be sufficiently declared and evidenced by the trustee to whom the land is conveyed, or who becomes holder of the legal title; and this may be done by a writing executed simultaneously with or subsequent to the conveyance, and such writing may be of a most informal nature."

In *Ransdel v. Moore*, 153 Ind. 393, 53 N. E. 767, 53 L. R. A. 753, a like view is announced as follows:

"It is settled law that under § 3391 Burns 1894, § 2969 Horner 1897, concerning trusts, that an express trust may be established by any writing or writings under the hand of the party to be charged, or of the party who is by law enabled to declare the same, provided, the fiduciary relations and the terms and conditions of the trust are set forth with sufficient certainty."

In *Barrell v. Joy*, 16 Mass 220, it is said:

"But it seems to be settled, by authorities cited at the bar, that any declaration in writing, made by the grantee or as-

signee of property, at any time after the conveyance, is competent proof that the property was to be holden in trust according to the terms of such declaration, within a fair and liberal construction of the statute of frauds; and that letters or other papers, however informal, are sufficient to constitute such declaration."

In *Myers v. Myers*, 167 Ill. 52, 47 N. E. 309, speaking of the power of Wike, the grantee, to declare a trust, it is said:

"Neither they nor their grantor could have pleaded the statute of frauds as against Wike nor as against any claiming under him, and we think it follows they could not plead it as against beneficiaries claiming under the trust which, by virtue of the absolute conveyance to Wike, he had full authority to declare."

The only case we have found, after a somewhat diligent search, which announces a contrary view, is *Tierney v. Wood*, 19 Beavan 330. The opinion in that case was written by Sir John Romilly, M. R., in 1854. The construction of the statute seems to have been a matter of first impression with him, as he cites no authorities.

Where a trust has been properly created, with an intelligent understanding of the nature of the act, it is irrevocable even though it be voluntary. 28 Am. & Eng. Ency. Law (2d ed.), 899.

The judgment is affirmed.

DUNBAR, C. J., FULLERTON, PARKER, and MOUNT, JJ., concur.