KANSAS MANUFACTURING COMPANY, APPELLANT, V. MARGARET GANDY AND LEMUEL J. GANDY, APPELLEES.

**Married Women:** MORTGAGE TO SECURE HUSBAND'S NOTE. In September, 1878, one G. gave his note, due in one year, to a manufacturing company. In December following, the wife of G. gave a mortgage on her separate estate to secure the note, there being no extension of the time of payment, nor any new consideration. *Held*, that the mortgage could not be enforced.

APPEAL by plaintiff from a decree rendered in the district court for York county, dismissing plaintiff's suit for the foreclosure of a mortgage.

*France & Sedgwick* and *Lamb, Billingsley & Lambertson*, for appellant. The answer does not set up any defense, consequently the plaintiff is entitled to a decree on the pleadings; it is defective in two essential particulars: 1st, it contains no plea of coverture, and 2d, it admits the execution and delivery of the deed or mortgage, in which case the consideration cannot be enquired into for the purpose of avoiding it. Our position and claim is, that coverture must be pleaded, and that a bond and mortgage or any instrument under seal implies a consideration, and none need be proved; *and it is good if it is shown that none was given.* And neither courts of law or equity will allow the consideration to be inquired into for the sake of declaring the instru-

ment void for want of consideration, but they will for the purpose of ascertaining what is due upon it. *Farnum v. Burnett*, 21 N. J. Eq., 89. *Jamison v. Jamison*, 3 Wharton, 457. *Brown v. Kahnweiler*, 28 N. J. Eq., 313. *Bank of Muskingum v. Carpenter*, Wright, Ohio, 729. *Cooley v. Hobert*, 8 Iowa, 358. *Comegys v. Clarke*, 44 Md., 108. *Haffey v. Carey*, 73 Pa. St., 432. *Wolf v. Van Metre*, 23 Iowa, 397. *Croft v. Bunster*, 9 Wis., 507.

*W. T. Scott* and *W. W. Giffen*, for appellees. The mortgage is void for want of any new consideration. 1 Jones on Mortgages, sec. 615. 4 Wait Actions and Defenses, 554, sec. 6. *Davidson v. King*, 51 Ind., 224.

MAXWELL, CH. J.

This action was instituted in the district court of York county to foreclose a mortgage executed by Margaret C. Gandy upon her separate estate to secure a note executed by her husband. The defense is want of consideration. The court below found the issues in favor of the defendant and dismissed the action. The plaintiff appeals to this court.

It appears from the bill of exceptions that the defendant, Lemuel J. Gandy, had purchased wagons from the plaintiff to the amount of about $6,000, giving his notes therefor, and that the note which the mortgage was given to secure was for a portion of the wagons. The note is as follows:

"$464.00          YORK, NEB., Sept. 16th, 1878.

"Twelve months after date I promise to pay to the order of the Kansas Manufacturing Company four hundred and sixty-four dollars, at McWhirter's Bank, with exchange, value received, with interest at 12 per cent per annum from January 16, 1879, until paid.

"L. J. GANDY.

"Due Sept. 19, 1879."

The mortgage to secure this note was executed on the seventh day of December, 1878.

Blackstone says: "A consideration of some sort or other is so absolutely necessary to the forming of a contract that a *nudum pactum*, or agreement to pay anything on one side without any compensation on the other, is totally void in law; and a man cannot be compelled to perform it. As, if one man promises to give another £100, here there is nothing contracted for or given on the one side, and therefore there is nothing binding on the other. And however a man may or may not be bound to perform it in honor or conscience —which the municipal laws do not take upon them to decide—certainly those municipal laws will not compel the execution of what he had no visible inducement to engage for; and therefore our law has adopted the maxim of the civil law that *ex nudo pacto non oritur actio*. But any degree of reciprocity will prevent the pact from being nude." 2 Blackstone's Com., 445.

Kent says: "It is essential to the validity of a contract that it be founded on a sufficient consideration. It was an early principle of the common law that a mere voluntary act of courtesy would not uphold an assumpsit, but a courtesy showed by a previous request would support it. There must be something given in exchange, something that is mutual, or something which is the inducement to the contract, and it must be a thing which is lawful and competent in value to sustain the assumption. A contract without consideration is a *nudum pactum*, and not binding in law, though it may be in point of conscience." 2 Kent's Com., 463.

Patteson, J., in *Thomas v. Thomas*, 2 Q. B., 859, says: "A consideration means something which is of some value in the eye of the law moving from the plaintiff. It may be of some benefit to the defendant,

or some detriment to the plaintiff, but at all events it must move from the latter."

Originally, under the doctrine of uses, the relationship of blood or the marriage relation, when supported by a seal, was held sufficient to raise a use. But if there was no seal, and the contract was intended to take effect as a bargain and sale, which might have its origin in parol, a valuable consideration was necessary. See 2 Rolle Abr., 788, p. 15. Uses originally were equitable estates, which, under the operation of the statute of uses, were converted into legal, the statute joining the use and possession of the land together so that the owner should possess the same estate in the use and possession. Sanders says: "Uses may be raised either upon a pecuniary consideration, or upon what is called a good consideration, which is that of blood or marriage. Whatever be the form of the conveyance creating and transferring a use upon the former consideration, it is a bargain and sale, and must be enrolled as such; but conveyances raising upon or by virtue of the latter are termed covenants to stand seized, and they are not within the words of the statute of enrollments, nor within the policy of it, because the consideration of blood and marriage is of a public nature." 2 Sand. on Uses and Trusts, 96–7.

I have thus stated the principles governing the consideration of contracts, because—in some of the cases they seem to have been overlooked. It is the consideration that gives vitality to a contract, and without it the contract cannot be enforced. If, in an action between the original parties to a promissory note, the maker may plead that the note was without consideration, and, if this defense is established, defeat a recovery thereon, why may not a party, who has executed a mortgage to secure a precedent debt of another, be permitted to show that there was no consideration for

the mortgage? The cases rest upon the same principle. In the one case the plaintiff seeks to recover a judgment against a defendant which may be satisfied out of any property he may possess. In the other it is sought to subject specific property of the defendant to the payment of the amount found due on the mortgage. In both cases there must be a consideration to support the contract. In the case at bar the plaintiff surrendered nothing, nor did the defendants, or either of them, receive any benefit whatever from the execution of the mortgage. It was given to secure a note that had at that time nearly ten months to run, and there was no extension of the time of payment, nor any consideration for its execution. It cannot therefore be enforced. *Wearse v. Pierce*, 24 Pick., 141. *Conwell v. Clifford*, 45 Ind., 392. *Smith v. Newton*, 38 Ill., 230. The judgment of the court below, dismissing the action, is therefore affirmed.

JUDGMENT AFFIRMED.