(Hamilton County Court of Common Pleas.)

H. R. DEGLOW, Executor v. HENRIETTA KRUSE et al.

A mortgage executed by a wife on her own property to secure the debt of a firm of which her husband is a member, no consideration passing to her and there being no merger of the firm debt, is void,

(Decided March, 1894.)

---

SAYLER, J.

F. W. Kruse and William Kruse were partners in business under the firm name of F. W. Kruse & Son. In December, 1884, the firm was indebted to J. H. Deglow in the sum of $2,300, for merchandise purchased prior thereto in the regular course of business. At the request of Deglow the firm executed a note to his order for said sum, payable in four years, in settlement of the account. Within a few days Deglow returned and requested of F. W. Kruse, the senior member of the firm, that the note be secured by mortgage. Kruse told him that he had no property upon which he could give a mortgage; that the only property in the family belonged to his wife; Deglow asked him if his wife would not give mortgage; Kruse said he would not ask her. Deglow asked permission to ask her himself, which was given, and he and William Kruse went to see the wife, Henrietta Kruse. Deglow stated to her that he held the note of the firm and wished to get her to execute a mortgage on her property to secure it. William Kruse, the son, said it would not hurt—it would never bother her; Deglow said no, the firm would pay. Mrs. Kruse refused to execute the same. Deglow went to see her again, but failed to get her consent. He subsequently went to see her again, in company with William Kruse, and again requested her to execute the mortgage. She asked her son what she should do; he said she should do as she wished. Deglow pressed her, saying it would be only an accommodation; the firm would pay. She thereupon consented,, and the next day executed a mortgage securing the firm note.

The next day Deglow returned in company with a notary, and with a

blank note for the amount, drawn to the order of J. H. Deglow, of date January 9, 1885, and payable in three years after date, to be signed by Henrietta Kruse and F. W. Kruse, and with a mortgage covering the same property of Henrietta Kruse, drawn to be executed by said parties securing said note. He said to Mrs. Kruse that there was a mistake in the other mortgage, and asked her to sign the note and mortgage he then had. He said to her that it would be a great accommodation; that it would not bother her, as the firm would pay the note long before it became due and cancel it. She said she would execute them to acccommodate him; but that she had no money to pay it, that she had no money to throw away.

She thereupon signed the note and mortgage. Thereupon Deglow and the notary went to F. W. Kruse and said that the first note was a firm note for four years, and that he wanted an individual note for three years, so that he could raise money. Kruse signed the new note and mortgage, and Deglow surrendered the firm note.

This action is brought to foreclose this said mortgage.

It is laid down in 2d Lindley on Partnership, sec. 702, that, " as a general rule, that which is the debt of the firm is not the separate debt of any of its members who have not made themselves severally liable for it."

That a firm has the status of a person as distinct from the members of the firm. See 6 Ohio St. 173; 18 Ohio St. 144; 64 Iowa 261

Under these authorities the mortgage executed to secure the partnership note was given to secure the firm debt. and not the separate debt of F. W. Kruse.

It is further laid down in Lindley, sec. 704, that, "where a creditor obtains an additional security for a pre-existing debt, and that security is not of such a nature as to merge the debt, he may, if the security becomes unavailable, fall back on the original debt." Lindley, in a note, quotes Byles on Bills, page 381: "The taking of his separate bill from one of several partners for a joint debt will, as we have seen, discharge the others." And adds, "but this is going too far."

Under this authority it does not seem to me that the taking of the note signed by Henrietta Kruse and F. W. Kruse worked a merger of the firm debt. It is true that after the individual note was signed Deglow returned the firm note; but that firm note called for four years' time, and he could not well hold it in connection with a new note calling for three years.

Its return thereof does not indicate his intention of taking the new note as a merger of the firm claim.

If this be correct, then the claim against the firm is still subsisting.

If it should be held, however, that the execution of the new note by one partner did work a merger, still the consideration remained the pre-existing debt of the firm.

Henrietta Kruse signed the note and executed the mortgage sought to be foreclosed in this case at the request of Deglow and for his accommodation. No consideration passed to her; the only consideration to her husband was the pre-exsiting debt of the firm; no additional time was given to the creditors; on the contrary, the time of payment was reduced from four to three years. The pre-existing debt of the firm can not be considered as a consideration to her. 6 Ohio St. 454; 20 Ohio St. 281.

In 106 Ind. 332, it is laid down that "a mortgage executed by a husband and wife, upon the separate property of the latter, to secure an overdue debt on which the husband was liable as surety only, and without any other consideration, is invalid, although executed at a time when it was competent for a married woman to encumber her property for the debt of a third person."

In 11 Neb. 448, the court held: "In September, 1878, one G. gave his

note, due in one year, to a manufacturing company. In December following the wife of G. gave a mortgage upon her separate estate to secure the note. There being no extension of time of payment, nor any new consideration; held, that the mortgage could not be enforced."

The court, in 3 C. C. R. 52, citing cases and quoting from Jones on Mortgages, says: "To support a mortgage made for the accommodation of another there must be a consideration. If the debt of the other person which is thus secured by the mortgage be already incurred, there must be a new and distinct consideration for the obligation incurred by the mortgagor as security or guarantor of that debt. But if the debt secured be incurred at the same time that the mortgage is given, and this collateral undertaking enters into the inducement to the creditor for giving the credit, then the consideration for such contract is regarded as a consideration also for the collateral undertaking by way of mortgage."

Plaintiff's attorneys cite the following cases:

In the case of Williams v. Urmston, 35 Ohio St. 296, at the time the debt was contracted the wife assured the creditor that it should be paid (Ib. 300), and the court held that the wife would be liable when she executes or joins her husband or a stranger in executing a promissory note upon a valid consideration moving to her or to him (Ib. 301).

In Sershizer v. Florence, 39 Ohio St. 516, there was an immediate consideration for the note passing to the husband, viz., the remission of $200 from the antecedent debt (Ib. 520).

In Westphal v. Nevills, 92 Cal. 545, there was an immediate consideration, viz., the extension of time.

In Kinsman v. Birdsell, 2 E. D. Smith, 395, the court simply held that there was a failure of proof of want of consideration as to the principal on the note.

It seems to me that, as Henrietta Kruse signed the note and mortgage for a pre-existing debt of the firm at the request of the creditor and for his accommodation, and without any consideration moving to her, that she can not be held.

The petition will be dismissed in so far as it asks for a decree against Henrietta Kruse and foreclosure of mortgage.

Emory Garrison, for plaintiff.

August H. Bode, for defendant.