WILLIAM W. CONKLING, APPELLEE, V. ALVIN LEVIE ET AL. APPELLANTS.*

FILED JANUARY 8, 1902. No. 10,893.

Commissioner's opinion, Department No. 3.

1. **Evidence:** ALTERATION OF MORTGAGE. Evidence examined, and *held* to show that a mortgage had not been altered.,

2. **Married Woman:** MORTGAGE: THIRD PARTY: VESTED TITLE. A married woman can not avoid a mortgage given by her to secure the debt of a third party, when such mortgage was made at

*Rehearing allowed. See opinion, page 136, *post.*

the time she took title to the mortgaged premises, and as a part of the transaction by which she became vested with title thereto.

APPEAL from the district court for Furnas county. Heard below before NORRIS, J. *Affirmed.*

*John Stevens, Jr., J. T. McClure* and *Andrew E. Harvey,* for appellants.

*Webster S. Morlan, contra.*

DUFFIE, C.

This is an action to foreclose a mortgage held by the appellee, Conkling. The mortgage was given under the following circumstances: The appellant, Levie, and one William T. McKim, were joint owners of a farm in Furnas county, Nebraska. They worked the farm in partnership for a year or more, and April 20, 1895, divided it between them. They effected this division by joining in a quitclaim deed of the farm to one Bergstrom, who in turn deeded the west half of the farm to Elizabeth M. Levie, the wife of Alvin Levie, and the east half to McKim. At the time of this division it is quite apparent from the evidence that McKim was indebted to one Perry L. Hole in the sum of $650, and Levie was indebted to Hole in the sum of $810. To secure the payment of these sums McKim and Levie and wife joined in a mortgage to Perry L. Hole covering the whole farm. Three notes were executed by the parties; two by Levie and wife—one for $600 and one for $210. McKim executed his individual note for the sum of $650, making the total amount secured by the mortgage $1,460. April 23, 1895, in consideration of the sum of $600, Perry L. Hole sold and assigned the $600 note of Levie and wife to one Thomas Bloodworth, and executed an assignment of the mortgage to him, but the evidence tends to show that the mortgage itself was not delivered. Hole was the agent of the appellee, Conkling, in loaning money for him in Furnas county; and

either because a portion of the amount secured by the mortgage belonged to Conkling, or for the purpose of accounting for other moneys due Conkling in his hands, Hole, on November 18, 1895, in consideration of $650, assigned to him the $650 note and made to him a second assignment of the mortgage by which it was secured. It will be noticed that the note assigned to Conkling was the McKim note, and the note assigned to Bloodworth was the note of Mr. and Mrs. Levie. Prior to the commencement of this action Levie and wife paid the note for $210, and on September 15, 1897, procured an extension of time on their note held by Bloodworth and executed a new note for $600, maturing March 1, 1899. Bloodworth, at the time of this extension, released the mortgage made to Hole, and took a new mortgage on the premises securing the note of September 15, 1897. July 3, 1897, McKim, in consideration of $50, quitclaimed to Alvin Levie his interest in the premises, thus vesting Mr. and Mrs. Levie with the legal title to the whole farm. December 27, 1897, Conkling filed his petition asking a foreclosure of his mortgage. He made Thomas Bloodworth a party defendant, alleging in his petition that Bloodworth, without any authority, had released the mortgage of record and asked to have such release set aside and his mortgage foreclosed in due course of law. Bloodworth filed a cross-bill asking for the foreclosure of his mortgage made to secure the sum of $600. A decree was entered foreclosing both mortgages and ordering a sale of the premises. No complaint is made by the appellants of the action of the court in foreclosing the Bloodworth mortgage, but it was insisted upon the trial by Levie and his wife that the mortgage signed by them, and now held by Conkling, covered only the half of the farm deeded to Mrs. Levie on the division made on April 20, 1895, and that the mortgage which was executed was made to secure the two notes made by them to Hole, one for $210 and one for $600, and that it did not include the McKim note for $650. A careful reading of the evidence dis-

closes that Levie and his wife were, perhaps, under the impression at the time they executed the mortgage that it stood as security for their own debt, and that the McKim note for $650 was not included therein. They may also have believed that it covered only the land deeded to Mrs. Levie, but the evidence is quite conclusive that the mortgage has not been changed in any respect since its execution, that it covered the whole farm, and was made to secure not only the debt of Levie, but included the indebtedness due from McKim as well. Not only is there evidence to support the finding of the district court in this respect, but if the question was submitted to us as an original proposition, our finding would have been the same as the finding of the district court.

Another question is urged upon our attention. It is stated that there was no consideration of any kind given to Mrs. Levie or her husband to support the mortgage on the wife's land to secure the payment of the McKim note. Had the title stood originally in the name of Mrs. Levie, this proposition would probably be unanswerable; but it must be remembered that Alvin Levie and McKim were originally joint owners of this land, that both were indebted to Perry L. Hole, and that at the time of taking title to this land Mrs. Levie executed the mortgage in question and took title thereto subject to that mortgage. The making of the deed to her and the execution of this mortgage on her part was one and the same transaction, and the case is very different from one where a married woman, without any consideration whatever, executes a mortgage upon her separate estate to secure the debt of a third party.

We therefore recommend that the decree of the district court be affirmed.

AMES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.

The following opinion on rehearing was filed October 22, 1902. *Judgment below reversed:**

Commissioner's opinion, Department No. 3.

Mortgage: MARRIED WOMAN: SEPARATE ESTATE: PRESENT CONSID-
ERATION. A mortgage executed by a married woman upon her
separate estate, without present consideration and merely to
secure an antecedent debt of her husband or of a third person,
is void.

AMES, C.

This case is submitted upon reargument after a rehear-
ing granted from a former decision. The main difficulty
arises from an attempt to interpret an extremely obscure
record as respects an important matter of fact not defi-
nitely set at rest by the findings of the trial court. On
one hand it is contended that the note for $650, payable
December 1, 1895, mentioned in the recital of facts in the
former opinion, and executed by McKim alone to Hole,
who was the agent of Conkling, was not at any time prior
to the execution of the mortgage in suit the obligation
of the Levies, or of either of them, or a charge upon the
lands or any of them, nor was the payment or assumption
of it any part of the consideration for the conveyance of
the lands, or of any of them, to Mrs. Levie. This conten-
tion is supported by the uncontradicted testimony of Alvin
Levie. Concerning it there is no finding by the district
court. It is therefore insisted that although it be found
that this instrument was intentionally and voluntarily in-
cluded in the mortgage executed by the Levies to Hole,
yet the instrument was to that extent, as was well known
both to the mortgagee and his principal, the appellee,
Conkling, without consideration and void. On the other
hand, it is contended that the fact of the execution of the
mortgage, describing the note in controversy as one of the
obligations the payment of which it was intended to se-
cure, is a sufficient refutation of the contention of the
appellants and of the testimony of Alvin Levie. The cir-

*Rehearing allowed. See opinion, page 137, *post.*

cumstances disclosed by the record are, however, we think, somewhat corroborative of this testimony, and the question is involved in so much obscurity that we are unable to weigh the evidence and determine the probability to our own satisfaction. We are confident that the rule announced in *Kansas Mfg. Co. v. Gandy*, 11 Nebr., 448, that a mortgage executed by a married woman upon her separate estate without present consideration, and merely to secure an antecedent debt of her husband or of a third person, is void, is correct, and that it ought to be upheld. In view of the uncertainties of the record, and the possibility, or, as we are disposed to think, probability, that the mortgage was executed by Mrs. Levie inadvertently, and without the conscious purpose of charging her land with a lien for the payment of the McKim note, we recommend that the judgment of the district court be reversed, and the cause remanded for a new trial, so that the vital question of fact at issue may be more thoroughly investigated than has yet been done, and that both parties have leave to replead.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial granted, with leave to both parties to replead.

On May 6, 1903, the following opinion on rehearing was filed, setting aside the judgment of reversal rendered by the foregoing opinion and affirming the judgment of the district court:

Opinion Approved. The commissioner's opinion herein, filed January 8, 1902, approved.

SEDGWICK, J.

After argument of counsel upon rehearing in this case and upon examination of the record, we are satisfied that the commissioner's opinion filed herein January 8, 1902, is a substantial exposition of the condition of the record,

and reaches a right conclusion. The question particularly discussed in the argument before the court was the consideration to Mrs. Levie for the mortgage sued upon. There is no substantial dispute as to the facts upon this point, and they are sufficiently stated in the opinion referred to to justify the conclusion reached thereon. When the land was divided between the defendant Levie and the defendant McKim, there was no consideration paid by McKim to Levie for securing his indebtedness upon Levie's land; that is, there was no express agreement between them that there should be such consideration paid. It appears to have been understood between them that, when they divided the land, each one would be responsible for his share of the indebtedness, and the land allotted to each would be held as security for the indebtedness of the party to whom it was allotted. At the time this understanding was had between them, the mortgage to Mr. Hole was outstanding. This secured the notes of Levie to Hole and also the note of McKim to Hole, and the parties, in making the division, intended to obtain a renewal of this mortgage. It does not seem to have occurred to them that it was necessary to have the concurring agreement of the holder of the securities in order to separate the securities and release the land of Mrs. Levie from the indebtedness of McKim. If the holder of the securities was requested to do this at all, this request was not insisted upon, and the securities were not divided. The mortgage executed as a part of the transaction to secure the renewal notes covered all the land, and was executed by McKim and Mr. and Mrs. Levie. Of course, the fact that McKim executed this mortgage on his land, which also secured the indebtedness of Mrs. Levie, would be a sufficient consideration for Mrs. Levie to execute the mortgage, covering, as it did, her land, and securing, as it did, the indebtedness of McKim; but because this was not thought of at the time, and there was no express agreement on the part of McKim to pay Mrs. Levie anything for so securing his indebtedness, Mrs. Levie seems to have

supposed that the fact that the holder of the paper extended the time of payment, and the fact that she obtained her title at that time and as a part of the same transaction, and that her husband's indebtedness was also secured upon the property deeded to McKim in the same transaction, and other circumstances connected with the settlement made there by the parties, furnished no consideration for the mortgage which she gave, which was the principal thing done on her part as payment for the land which she received in the transaction.  This idea has been thoroughly presented and insisted upon by Mrs. Levie's counsel in the argument before the court; but it is manifest that there is no foundation for such an argument, and the suggestion of plaintiff's brief that it is difficult to discuss a self-evident proposition is applicable. The idea seems to be that, although there was a sufficient consideration to Mrs. Levie to mortgage the land deeded to her for the purpose of securing her husband's indebtedness, there was no consideration for including McKim's indebtedness in the same security.  Of course no one would assume that when a married woman executes a mortgage, and in the same transaction, and because of so doing, obtains a deed of the land upon which the mortgage is given, and procures the indebtedness of her husband which she secures to be renewed and extended, such mortgage would be void for the want of consideration.  There being a consideration to Mrs. Levie for executing the mortgage, it is, of course, valid, as executed, unless some sufficient reason is shown for its reformation or to impeach its integrity.  The only allegation in Mrs. Levie's answer attacking this mortgage in any way is the allegation that there was no consideration for its execution, and that it had been fraudulently altered since its execution.  There is no support for the first objection, as above shown, and the second is equally without merit.  It is absolutely refuted by the mortgage itself.  One of the alterations complained of is that the description of Mrs. Levie's half of the land was inserted after the execution of the mortgage.

The land consisted of a forty-acre tract and certain lots described by numbers. When the land was divided the forty-acre tract and each particular lot was divided. The mortgage in dispute describes the land as the southeast quarter of the northwest quarter and lots 1, 2, 3 and 4 of section 23. The deed to Mrs. Levie conveyed the east half of the southeast quarter of the northwest quarter and a part of each respective lot, so that, to make the alteration complained of, it would be necessary to erase the one description and insert the other. It was manifest upon the trial that no such alteration had been made, and the defense was virtually abandoned. The defendant Bloodworth does not ask in his cross-petition that the mortgage release which he executed to Mrs. Levie be set aside and his mortgage restored, and possibly the findings and judgment of the district court do not make it very plainly appear how a foreclosure can be ordered in favor of Mr. Bloodworth against the whole tract of land upon a mortgage executed by Mr. Levie and Mrs. Levie some two years after the legal title to one-half of the land had been, by them, transferred to McKim; but, as McKim has not appealed, and is not complaining, perhaps the judgment as entered is sufficiently justified. It certainly is not prejudicial to these appellants that the decree against their land, upon their indebtedness, should also include the lands of McKim. McKim appears to have subsequently quitclaimed his part of the land to Levie, but nothing is claimed on account of this conveyance.

The judgment of this court entered October 22, 1902, vacating the judgment of this court of January 8, 1902, and reversing the judgment of the district court and remanding the cause for further proceedings, is set aside, and the judgment of the district court is

AFFIRMED.