[No. 7557.  Decided December 26, 1908.]

NATHAN H. DODDS, *Appellant*, v. ELIZA S. DODDS *et al.*,
*Respondents.*[1]

APPEAL—PRESERVATION OF GROUNDS—OBJECTIONS NOT RAISED BE-
LOW—DIVORCE—TITLE TO PROPERTY.  Where the pleadings in an action
for divorce alleged the title to certain property to be in the husband,
and the same was not an issue, he cannot, for the first time on ap-
peal, claim that he held the title in trust for children under the will
of a deceased wife.

DIVORCE—DECREE—DISPOSITION OF PROPERTY.  Upon granting a di-
vorce, the court properly disposes of their property rights with
regard to their respective merits, their subsequent condition, the
party through whom the property was acquired and the burdens im-
posed thereon for the benefit of the children; and it is immaterial
that the husband some years previously had conveyed the same to
the wife upon consideration of love and affection and an agreement
to live with him, which consideration had failed.

QUIETING TITLE—PERSONS ENTITLED.  Where neither husband nor
wife had any beneficial interest in property purchased in the name
of the wife and by her conveyed to the owner, such owners title
should be quieted, as against plaintiffs claiming as heirs of the wife.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered December 4, 1907, awarding
certain property to the wife upon granting a divorce to the
husband.  Affirmed.

*John E. Humphries, George B. Cole,* and *T. G. Gregson,*
for appellant.

*Guie & Guie,* for respondent Dodds.

*Henry S. Noon* and *Hugh Henry Benton,* for respond-
ent Hoenshell.

RUDKIN, J.—This is an appeal from that portion of a
decree of divorce disposing of the property rights of the
parties.  The appellant and the respondent Eliza S. Dodds
intermarried on the 2d day of January, 1895, and remained

[1]Reported in 98 Pac. 748.

husband and wife until the entry of the decree from which this appeal is prosecuted. One child, now of the age of seven years, was born of this union. At the time of the marriage, the appellant was the owner of seventy acres of land, in King county, forty acres of which was disposed of long prior to the decree in question. On the 2d day of May, 1902, the husband conveyed to the wife an undivided one-half interest in the remaining thirty acres, in consideration of love and affection, and for the further consideration that the wife should continue to live with the husband as his wife during the remainder of his natural life. By the terms of the decree of divorce, an undivided one-half interest in this thirty acres, the whole being of the value of about $9,000, was awarded to the wife, who was also awarded the care, custody and control of the minor child.

In support of his appeal, the appellant contends that he holds an undivided one-half interest in the above property in trust for his children, under the will of a former wife, that the consideration for the deed from the appellant to the respondent Eliza S. Dodds has wholly failed, and that all the property in controversy should have been awarded to him. The title of the appellant to the property above described, subject to the conveyance of the undivided one-half interest to the wife, was averred in the complaint, admitted in the answer, and reaffirmed in the reply. The question of title was, therefore, not an issue on the trial, and the trust theory now advanced for the first time is a mere afterthought, which we must decline to discuss or consider.

The consideration for the deed from the husband to the wife has in a large measure failed. The love and affection part finds little support in the record, and the covenant on the part of the wife to live with the husband as his wife during the remainder of his days has been rendered impossible of performance by the decree of divorce. But the consideration for this deed is a matter of little moment now. The court below had jurisdiction of the parties, and was com-

pelled to make a just and equitable division of their property and property rights, having regard to their respective merits, the condition in which they would be left by the divorce, the party through whom the property was acquired, and the burdens imposed upon it for the benefit of the child. Considering all these facts and circumstances, we are unable to say that the disposition made by the trial court was either inequitable or unjust.

The claim of the appellant to certain lots purchased in the name of the respondent Eliza S. Dodds, and thereafter conveyed to the respondent Hoenshell, is wholly without merit and requires no discussion. Under the uncontradicted testimony, neither the husband or wife had any beneficial interest in this property at any time, and the title of the respondent Hoenshell was properly quieted. Let the judgment be affirmed.

CROW, MOUNT, and DUNBAR, JJ., concur.

HADLEY, C. J., FULLERTON, and CHADWICK, JJ., took no part.