[No. 12677. *En Banc.* March 17, 1916.]

## C. T. BELCHER et al., Appellants, L. B. YOUNG et al., Plaintiffs, v. F. A. YOUNG et al., Respondents.[1]

CHATTEL MORTGAGES—VALIDITY—AFFIDAVIT OF GOOD FAITH—CREDITORS—STATUTES. Under Rem. & Bal. Code, § 3660, declaring that a chattel mortgage without a mortgagor's affidavit of good faith is void "as against creditors of the mortgagor or subsequent purchaser, or encumbrancers of the property for value and in good faith," such a mortgage is void as to creditors regardless of notice, and a creditor does not lose his status as such by subsequently taking security and becoming an "encumbrancer" with notice of the prior mortgage.

TRUSTS—EXPRESS TRUSTS—PAROL EVIDENCE. Where a deed was given to the grantee as "trustee," intending to create an express trust as security for a debt to a stranger to the deed, it is not competent to prove the trust by parol.

MORTGAGES—DEED AS MORTGAGE. A deed by a stranger, without consideration, to a stranger to the debt, cannot be held to be a mortgage.

TRUSTS—FAILURE OF PROOF—RESULTING TRUST. Where an express trust, without any new consideration between the parties, fails for want of proof, there is no resulting trust in favor of the grantee; but the trust, if any, is in favor of the grantor holding the equitable title, where the grantee waives all personal interest.

APPEAL—REVIEW—THEORY OF CASE. Where a bank undertakes to foreclose a deed, given to a trustee, as a mortgage securing its debt,

[1] Reported in 155 Pac. 1060.

it is estopped to claim on appeal that the deed was absolute and has not been overcome by clear and certain proof; as a case cannot be tried on a new theory first advanced on appeal.

Appeal from a judgment of the superior court for Skamania county, Darch, J., entered August 15, 1914, upon findings in favor of the defendants, in an action in equity, tried to the court. Affirmed.

*Arthur P. Tifft, H. K. Sargent, Ed Mendenhall,* and *J. N. Pearcy,* for appellants.

*Raymond C. Sly* and *W. H. Wilson,* for respondents.

CHADWICK, J.—This is an action to determine the rights and priorities of several mortgagees to certain property in Skamania county, known as the Collins Hot Springs. The material facts are not in dispute and, as the appeal presents but two questions of law, both of which may be stated without detailed reference to the particular circumstances out of which they arise, we shall refer to the evidence only when necessary in the discussion of the questions of law.

The first question arises thus: The respondents, F. A. Young and Eliza Young, purchased the buildings and other personal property on a leased tract of land and gave a note and mortgage to Belcher, the vendor, to secure a part of the purchase price. This mortgage lacked the affidavit of good faith required by Rem. & Bal. Code, § 3660 (P. C. 349 § 3), which is as follows:

"A mortgage of personal property is void as against creditors of the mortgagor or subsequent purchaser, and encumbrancers of the property for value and in good faith, unless it is accompanied by the affidavit of the mortgagor that it is made in good faith, and without any design to hinder, delay, or defraud creditors, and it is acknowledged and recorded in the same manner as is required by law in conveyance of real property."

Subsequently the respondents Young gave notes and a second mortgage on the same property to other persons to

secure a prior indebtedness. Still later, they gave a note to the Eastern Oregon Banking Company to cover a prior indebtedness, and procured an assignment by the second mortgagees of their notes and mortgage to secure the note given to the bank. In due time the bank proceeded to foreclose this second mortgage, ignoring the first mortgage, and the precise question is whether the first mortgage is void as to the holders of the second mortgage by reason of the absence of an affidavit of good faith.

The appellant Belcher, the first mortgagee, contends that it is not, because the second mortgagees took their mortgage with knowledge of the first mortgage, and they are therefore neither creditors nor incumbrancers in good faith within the meaning of the statute, and not being persons whom the statute protects, they may not take advantage of the insufficiency of the prior mortgage. He contends that, under our holdings in *Mendenhall v. Kratz*, 14 Wash. 453, 44 Pac. 872; *Hicks v. National Surety Co.*, 50 Wash. 16, 96 Pac. 515, 126 Am. St. 883; *Thomas v. Grote-Rankin Co.*, 75 Wash. 280, 134 Pac. 919, the insufficiency of the first mortgage does not invalidate it as to incumbrancers or purchasers, except they become such in good faith and without notice of the preexisting mortgage, and that this interpretation of the statute has established a rule of property which will protect vested rights acquired in reliance on that interpretation, and that they have such vested rights which are affected. But whatever the merits of this contention, it will apply in this case only if the second mortgagees are incumbrancers with notice as in the *Mendenhall* case. In that case, Judge Anders noticed the distinction between the effect of an insufficient mortgage as to incumbrancers and as to creditors, saying:

"As to the former [creditors] it positively declares that chattel mortgages are void unless they are accompanied by the specified affidavit and are acknowledged and recorded as required by law."

We have previously noted that the second mortgage was given to secure a debt owing to the mortgagees by the mortgagors. At the time the mortgage was given, the mortgagees were creditors of the mortgagors and, by the express terms of the statute, the first mortgage was void as to them because of their status as creditors. But the appellant Belcher contends that they cannot occupy the position of creditors as to whom the mortgage is void, and that of subsequent incumbrancers with notice as to whom it is valid, enjoying the privileges of both classes without sharing the burdens incident to either. As creditors, he argues they would only be entitled to collect their debt in the ordinary manner of obtaining a judgment and execution thereon, and as second mortgagees with actual knowledge of the first mortgage, they are not entitled to the protection of the statute, and their mortgage is inferior to the insufficient mortgage.

To reach this conclusion, however, we must find that the second mortgagees lost their status as creditors when they accepted the mortgage as security for the debt. This question was before us in *Smith v. Allen*, 78 Wash. 135, 138 Pac. 683, Ann. Cas. 1915 D. 300. In that case, Allen was a creditor of the mortgagor, and we held that, by accepting a mortgage as security for his debt, he did not lose his right as a creditor and become an incumbrancer against whom the prior defective mortgage was valid, but that he became an incumbrancer "for value and in good faith" as to whom the defective mortgage was void. We are satisfied that that ruling fully meets the contentions of appellants in this respect. The bank, assignee of the second mortgage, occupies the same position as Allen did, and as to it, the appellants' mortgage is void.

The second question arises out of the following state of facts. On May 11, 1911, F. A. Young and Eliza Young were indebted to the appellant bank in the aggregate principal sum of about $21,000, evidenced by promissory notes. These notes were assembled and a new note payable on de-

mand for $25,000, the amount then due, was signed by F. A. Young and Eliza Young. On May 4th, 1911, L. B. Young and George A. Young, parents of F. A. Young, made a warranty deed to a quarter section of land in Skamania county, to J. C. Ainsworth, trustee, for a recited consideration of ten dollars. The deed is, in form, a common law deed with full covenants of warranty. After these transactions, F. A. Young and Eliza Young made a mortgage upon the same property to secure a note in favor of the mother and father. This note and mortgage was thereafter assigned by them to respondent banking company, and it is now held by it as collateral to its debt.

The appellant bank brought this action to foreclose the deed as a mortgage, alleging that it was given to secure the indebtedness of F. A. Young and wife. Ainsworth joins in the complaint, and by subscribing to its allegations, has waived the right to assert any personal interest in the property or in the debt. The court below denied the relief sought.

The bank contends that the deed creates a trust in favor of the bank; that, if the consideration moved from the bank and the title was taken in the name of Ainsworth, a resulting trust arises in favor of the bank; that the deed is a mortgage, and that the deed is a deed absolute; the last contention being that the word "trustee," the only word in the instrument suggesting a trust, will be rejected as *descriptio personae*.

We have given the record our earnest consideration. After mature deliberation, we have no doubt that it was the intention of the parties to create an express trust in favor of the bank. The deed was made by strangers to the bank. It is not now contended that there was an actual consideration moving to the grantors or that the grantee had any personal interest in the transaction. We are not informed "in writing" as to the terms under which Ainsworth was to hold the property; whether he was to sell it and if so, at what time or upon what terms, or whether it was a trust for all

creditors or the bank alone. There is no separate instrument defining the trust, nor is there a definition of it in the deed. To show what the parties intended to do, resort must be had to parol testimony. This cannot be done. *Holly Street Land Co. v. Beyer*, 48 Wash. 422, 93 Pac. 1065; *Spaulding v. Collins*, 51 Wash. 488, 99 Pac. 306; *Pilcher v. Lotzgesell*, 57 Wash. 471, 107 Pac. 340; *Kinney v. McCall*, 57 Wash. 545, 107 Pac. 385; *Kalinowski v. McNeny*, 68 Wash. 681, 123 Pac. 1074; *Arnold v. Hall*, 72 Wash. 50, 129 Pac. 914, 44 L. R. A. (N. S.) 349; *Nichols v. Capen*, 79 Wash. 120, 139 Pac. 868.

By the same reasoning that supports the universal holding that an express trust cannot be proved by parol, it is held that an express trust that fails for want of proof will not be held to be a resulting trust in favor of the grantee except in certain cases. To so hold would defeat the rule.

Neither can a deed made by a stranger, without consideration, to a stranger to the debt be held to be a mortgage. Before we can come to a consideration of either of these theories, that of resulting trust or mortgage, we must find that the trust intended, that is, an express trust to hold the property as security for the debt and for the benefit of the bank, has failed for want of that character of proof that the law demands. We may as well admit parol proof of the terms of the trust in the first place, as to hold that the express trust having failed for want of proof, a trust results which may be defined by parol. Such a ruling would permit an evasion of the statute by indirect methods, and, by a mere juggling of terms, the accomplishment of the very thing which is condemned by the statute of frauds.

If this were a purchase of land by the bank, it paying the purchase price and taking the legal title in the name of another, or if the deed were taken upon a new consideration, or if there had been an extension of time for the payment of the debt, or if there had been an assumption of the debt by the

grantors, equity would declare a resulting trust in favor of the bank and against the grantee, or that the property was mortgaged although the contract rested in parol. But such is not the case. The bank gave up nothing and the grantors gained nothing. *Kansas Mfg. Co. v. Gandy*, 11 Neb. 448, 9 N. W. 569, 38 Am. Rep. 370.

There was no new consideration given by appellant bank, and the trust is repudiated by one who stands in the shoes of the grantors, against whom no trust can result, for it is one of the first principles of equity that a resulting trust arises from the acts of the parties and the implications of the law arising out of such acts, and exists from the time the legal title is taken and rests in the grantee.

"No oral agreements, and no payments, before or after the title is taken, will create a resulting trust, unless the transaction is such at the moment the title passes that a trust will result from the transaction itself." Perry, Trusts (6th ed.), § 133.

The holdings that the payment of the purchase money, or a new consideration, will create an implied or resulting trust in favor of the one paying the purchase price or giving the new consideration, which may be proved by parol, rests upon the same principle as the right to prove that a deed, absolute in form, may be shown by like proof to be a mortgage. It is an exception to, and at the same time an aid to, the general rule, that is to say, that equity will always intervene to protect the equitable title. An express trust failing for want of proof, the trust, if any, results in favor of the holder of the equitable title, and not in favor of the holder of the legal title. 3 Pomeroy, Equity Jurisprudence (3d ed.), § 1032.

All that we can make out of the case is that the parties have undertaken to create an express trust, and as against the holder of the equitable title, the trust has failed for want of competent evidence to sustain it.

Seemingly in anticipation of our holding, counsel upon the reargument advanced the theory that, in any event, the deed

is absolute, and has not been overcome by clear and certain proof. We think the appellant bank is in no position to urge this contention. It is estopped by its pleadings and its proofs. We have held that we will not permit a case to be tried upon a theory advanced for the first time in this court. *Dodds v. Dodds*, 51 Wash. 293, 98 Pac. 748; *Powers v. Munson*, 74 Wash. 234, 133 Pac. 453.

But if we were to hold that the deed was absolute, it would be to say only that it was *prima facie* so. The case would have to be remanded with permission to frame an issue. The apparent inadequacy of the consideration would admit proof of the real agreement of the parties, and we would, in the end, come to the same holding; that is, that an express trust was undertaken and has failed.

Judgment affirmed.

MORRIS, C. J., HOLCOMB, ELLIS, MAIN, BAUSMAN, and PARKER, JJ., concur.