Argued November 19, 1918, modified January 28, 1919.

## BRYSON v. DAY.

(178 Pac. 184.)

**Mortgages—"Consideration"—Prior Renewal of Another's Debt.**

1. A past renewal of the debt of another is not the necessary "consideration," a benefit to the party promising or a loss or detriment to the party to whom the promise is made, for mortgage to secure such debt.

**Mortgages—Consideration—Pleading and Evidence.**

2. Evidence that defendant, in suit to foreclose mortgage to secure the prior debt of another, was practically the sole stockholder of such other, is not available to show consideration; the complaint not alleging such relation.

From Douglas: GEORGE F. SKIPWORTH, Judge.

Department 1.

This is a suit to foreclose a mortgage. The plaintiff sues as the trustee of the First National Bank of Roseburg, Oregon, and since the trial in the lower court, that bank has gone into the hands of a receiver, E. R. Bryson, who, in this court, has been substituted as plaintiff, by stipulation of the parties. The complaint alleges the execution of two promissory notes by the defendant Sarah I. Day, one dated February 13, 1911, for the sum of $761.05, and the other, dated May 29, 1911, for the sum of $876.50, and also a note executed by the Olalla Mining Company, for $4,370, bearing date, February 11, 1911. These allegations are followed by this averment:

"That to secure the payment of an indebtedness existing at that time in favor of said the First National Bank at Roseburg, Oregon, from said Olalla Mining Company, as evidenced by its promissory note in favor of said the First National Bank, and to secure, in addition to said indebtedness of said Olalla Mining Company, the payment of sundry loans evidenced by the promissory notes of the said Sarah I. Day, and of which

old indebtedness so secured the promissory notes hereinbefore described and sued upon merely evidence the balance still remaining due and unpaid, the said Sarah I. Day, in consideration of such credit by the said First National Bank to said Olalla Mining Company and in consideration of credit extended by said bank to her in person, as aforesaid, did on the 13th day of July, 1907, by an instrument in writing duly assign, transfer, set over, deliver and relinquish to said the First National Bank at Roseburg, Oregon, all her right, title and interest in and to that certain instrument in writing, commonly known as a sheriff's certificate of foreclosure sale, issued to the said Sarah I. Day on the 13th day of July, 1907, by the then sheriff of Douglas County, Oregon, in a foreclosure suit at that time pending in the Circuit Court of the State of Oregon for the county of Douglas, in which foreclosure suit the said Sarah I. Day was plaintiff and Shirley Mining Company, a corporation, was defendant, and that it was then mutually understood and agreed by all the parties to said assignment of such certificate of foreclosure sale that such assignment was intended for and to operate as a mortgage of the plaintiff's interest so acquired by said foreclosure suit in and to said certificate of sale and the real property therein described, to secure the payment of the indebtedness then existing, as aforesaid, in favor of the said the First National Bank of Roseburg from said Sarah I. Day and said Olalla Mining Company.''

It is further alleged that no redemption from such sale was made, and thereafter the sheriff executed a deed to plaintiff of the property described in the sheriff's certificate of sale, in accordance with the terms of the assignment; that plaintiff holds the deed as a mortgage to secure the payment of the notes mentioned, and prays for a decree of foreclosure and a personal judgment against Sarah I. Day for the amount due upon her two notes, aggregating $1,637.55, and a like judgment against the Olalla Mining Company

upon its note, in the sum of $4,370.    The prayer also asks for interest, attorneys' fees, etc.

The answer of defendant Sarah I. Day, after some admissions and denials, pleads affirmatively, that on February 24, 1906, the Olalla Mining Company executed its note to the First National Bank of Roseburg, in the sum of $3,000; that on that date the Olalla Mining Company was a creditor of the Shirley Mining Company, in the sum of $25,000, evidenced by five promissory notes of the face value of $5,000 each secured by a mortgage upon the real estate described in the complaint; that on February 24, 1906, the Olalla Mining Company assigned one of such notes to the First National Bank of Roseburg, as collateral security for the debt above mentioned; and for a valuable consideration assigned the other four notes to this defendant, who thereafter, for herself and the First National Bank of Roseburg, foreclosed the mortgage and became the purchaser at the execution sale therein, receiving the usual sheriff's certificate of sale therefor, which she subsequently assigned to the First National Bank for the purpose of securing her own indebtedness to the bank, and also assigned to such bank its proportional interest in the debt and property which were the subject of the foreclosure proceeding.    It is further averred that the assignment of the certificate of sale was made on or about the 16th day of February, 1911, and that it was made

"without any consideration therefor except the indebtedness then owing by this defendant to said bank."

A reply having been filed, there was a trial resulting in a decree for plaintiff in accordance with the prayer of the complaint, and defendant Sarah I. Day appeals.                              MODIFIED.

For appellant Sarah I. Day there was a brief.and an oral argument by Mr. J. O. Watson.

For respondent there was a brief and an oral argument by Mr. Oliver P. Coshow.

BENSON, J.—The questions submitted to us upon this appeal are: What is the legal effect of the assignment of the sheriff's certificate of sale, and, if the assignment upon its face purports to be an unlimited transfer as security for the payment of all of the notes mentioned in the complaint, was there any consideration for such transfer, other than the personal debts of the defendant?

In order to reach a clear conception of the problem which is presented, it becomes necessary to consider the evidence in the case. It appears therefrom, that on January 20, 1906, the Olalla Mining Company sold all of its assets to a similar corporation, the Shirley Mining Company, and, as a part of the purchase price, received five promissory notes of the purchasing corporation, each being for the principal sum of $5,000, and the entire indebtedness was secured by a mortgage upon the real property described in the complaint. On the next day, the Olalla Mining Company borrowed $3,000 from the bank, assigning to it as collateral, one of the five Shirley Mining Company notes, and on the same day assigned to defendant Sarah I. Day the other four of such notes in payment for moneys advanced by her in the operation of the company's mine. Thereafter Mrs. Day, with the knowledge and consent of the bank, began foreclosure proceedings which resulted in a decree in her favor for the entire indebtedness of $25,000, and a sale of the mortgaged premises, which sale was had on July 13, 1907, at which Mrs. Day became the purchaser and received a certificate of sale

from the sheriff. The note given by the Olalla Mining Company was not paid at maturity, but at various times thereafter it executed renewal notes therefor in which the matured interest became a part of the principal, the last of these being executed on February 11, 1911. On February 13, 1911, defendant Sarah I. Day, being indebted to the bank for certain overdrafts, executed the note for $761.05, mentioned in the complaint, and again on May 29, 1911, executed the other note for $876.50, for a like purpose. On December 16, 1910, the president of the bank wrote a letter to J. G. Day, who was the husband of Sarah I. Day, and was also general manager of the Olalla Mining Company, in which he requested Mr. Day, upon his next trip to Roseburg, to call at the bank and make some adjust- ment of the indebtedness of himself and others connected with him, that would be satisfactory to the bank examiner. Later Mr. Day had a conference with the president of the bank, and after returning to his home at Olalla, indorsed upon the sheriff's certificate of sale, and assignment in these words:

"I hereby assign my right and interest in this sheriff's certificate of sale on foreclosure to the First National Bank of Roseburg, Oregon. The consideration being a loan to the Ollala Mining Company on a promissory note, and sundry loans evidenced by my promissory notes. And the sheriff of Douglas County, Oregon, is hereby authorized to issue the deed to the realty herein described to said bank."

This assignment was signed by Sarah I. Day, and mailed to the bank. It bears the written date, "July 13, 1907," which was the date of the certificate. The only evidence as to the actual date of its execution is the testimony of J. G. Day, who says that he thinks it was done on February 15, 1911. When it is observed that on February 15th, Mrs. Day had only one personal

note at the bank, the second one not being executed until May 29th, it is possible that the assignment may have been made at an even later date. In any event, it was done at a later date than the execution of the mining company's renewal note, and there is no suggestion in the evidence of the later act being a consideration for the earlier. It further appears from the evidence that in 1910, the defendant corporation was dissolved by proclamation of the Governor, and that in the same year, but some months later, the following indorsement was made upon the note of the Shirley Mining Company, which had been deposited with the bank as collateral:

"This indorsement shows that this note is pledged to the holder hereof as security for money advanced on a note of the Olalla Mining Company and that the purchaser at the mortgage sale agrees that said purchase was made with the knowledge that said loan of said O. M. Co. was and is a first lien on the premises mortgaged, as shown by record related thereto. And it is agreed that said security against the mortgaged premises shall continue as if no proceeding in the same had been had.

"J. G. DAY,

"Treas. for O. M. Co.,

"For Sarah I. Day, Agent."

It also developed, in the cross-examination of J. G. Day, that at the time of the dissolution of the defendant corporation in 1910, Sarah I. Day was the owner of all but two or three shares of the corporate stock.

Upon this state of facts, the defendant Sarah I. Day, who is the only appellant, insists that the assignment of the certificate of sale means no more than a security for her personal obligations, and an acknowledgment that the Shirley Mining Company's note, held by the bank as collateral security for the defendant corporation's debt, is a portion of the debt secured by the mort-

gage, which had been foreclosed. She concedes that all of the real property in question is burdened with the obligation to pay her personal indebtedness, but that no more than one fifth of it is subject to the debt of the Olalla Mining Company. She also contends that the indorsement on the collateral note evidences nothing more than the fact that that note is protected by the mortgage security, only in the ratio which it bears to the total indebtedness thereby secured. She further contends, that if the assignment and the indorsement are to be construed as imposing any further liability than that, then to that extent, the assignment is void for want of consideration.

The plaintiff contends that the assignment is, in its terms, nothing less than an unlimited pledge of all of the real estate as security for all of the obligations mentioned in the complaint, and that the indorsement upon the collateral note is a clear corroboration of that interpretation.

So far as the indorsement upon the Shirley note is concerned, we can discern nothing in it further than an acknowledgment that that note is entitled to share with the other four in the mortgage security.

1, 2. The assignment, which is much more general in its terms, may be said to bear out plaintiff's contention, and this brings us to the question of consideration. Since the writing in question is a contract, it is elementary that there must be a consideration for the act of transferring the security. Consideration has been defined to be:

"A benefit to the party promising or a loss or detriment to the party to whom the promise is made": 9 Cyc. 308.

There is not a syllable in the pleadings in this case, outside of the assignment itself, disclosing any legal

*90 Or.—40*

obligation upon the part of Sarah I. Day, to pay the debt of the defendant corporation. The assignment was executed at a later date than the renewal note of the mining company, and if such renewal be urged as the consideration, that theory must fail because of the uniform holding of the authorities that a past consideration is insufficient to sustain such a contract: 9 Cyc. 319 and 358; 6 R. C. L. 672; *Kansas Mfg. Co.* v. *Gandy,* 11 Neb. 448 (9 N. W. 569, 38 Am. Rep. 370); *Conkling* v. *Levie,* 66 Neb. 132 (94 N. W. 987, 988); *Linton* v. *Cooper,* 53 Neb. 400 (73 N. W. 731). It is urged, however, that since Sarah I. Day was then the owner of nearly all of the corporate stock of the corporation, she is therefore liable for its debts, and that this relationship supplies the necessary consideration. It may be, although we do not decide, that under sufficient pleadings she might be so held, but it must be noted that in this case she is not charged by the complaint with being a stockholder, or as being associated therewith in any capacity, and therefore that subject is not an issue here.

We conclude, therefore, that the trial court erred in subjecting Mrs. Day's property to the payment of the Olalla Mining Company's debt. The decree will therefore be modified to the extent of subjecting no more than one fifth of the proceeds of the mortgaged premises to the satisfaction of plaintiff's judgment upon the note of the Olalla Mining Company.     MODIFIED.

McBRIDE, C. J., and BURNETT and HARRIS, JJ., concur.