GRACE I. BELL, APPELLANT, V. FRANK REED, APPELLEE.

FILED SEPTEMBER 25, 1936. No. 29707.

*A. A. Rezac,* for appellant.

· *C. J. McCaffrey* and *L. J. Te Poel, contra.*

Heard before GOSS, C. J., GOOD, DAY, PAINE and CARTER, JJ., and BLACKLEDGE and LANDIS, District Judges.

BLACKLEDGE, District Judge.

Originally the purpose of this action was to foreclose a tax lien upon a part of lot 4 in Bartlett's Addition to Omaha and to have the defendant, Frank Reed, holding title thereto, declared to be holding as trustee for the benefit of plaintiff as to a two-thirds interest therein.

Plaintiff claims title through the provisions of the will of her mother, Elizabeth Dorothea Reed, by the terms of which there was devised to plaintiff, in the residuary clause and without specific description, all the residue in the estate both real estate and personal property. This claim in turn is based upon the allegation that the mother held title as beneficiary under the trust alleged, by virtue of having furnished and paid the purchase price for said property, the title having been taken in the name of defendant without the consent of the mother. Defendant is· the estranged husband of the decedent from whom he separated in 1930 and plaintiff is their daughter.

The petition also included a second cause of action for the foreclosure of a tax lien upon another tract. Before the trial the defendant disclaimed as to the property involved in the second cause of action and redeemed from the tax lien asserted in the first, so that the only controversy remaining was as to the existence of the trust alleged and the resulting title as to the above designated property, which is also referred to as the Mason street property.

Plaintiff produced testimony showing that the Mason

street property was purchased with the proceeds of the sale of another tract which is referred to as the Grace street property and it is as to the Grace street property wherein it is claimed the trust was created; one purpose in this action being to follow the funds into the Mason street property and impress the trust thereon which, it is conceded by defense counsel, might be done if the trust in the original purchase of the Grace street property be established.

The sole question for determination, therefore, in the district court was, and in this court remains, whether such resulting trust was established. At the trial on the close of plaintiff's evidence a motion was made by defendant for a decree in his favor which was granted and a decree was given quieting in defendant the title to the property in controversy as against the plaintiff's claims and from that decree the plaintiff prosecutes this appeal.

From the testimony embodied in the bill of exceptions it appears without dispute that the Grace street property was purchased in 1910 and title taken in the name of the defendant and that the same was sold in the year 1919 and the proceeds applied to the purchase of the property in controversy, the title to which was also taken in defendant's name. It further appears that the Grace street property was purchased subject to a mortgage in the original amount of $2,000, to the Conservative Savings & Loan Association, upon which there remained unpaid in April, 1912, the sum of approximately $1,600; that meantime in 1910 the father of Elizabeth Dorothea Reed had died and she inherited from his estate approximately $2,100; that she by check introduced in evidence, on April 6, 1912, paid to the association the balance due on said mortgage debt. This is the payment relied upon by plaintiff as the basis for establishment of the trust. It is not shown that plaintiff's mother at any time had any other funds than those derived from the estate of the father or that she applied any funds in any way or at any time in connection with the property except those represented by the check. In fact, the petition

sets out the check and makes it the basis of plaintiff's claim, although also alleging the purchase of the Grace street property to have been made in 1910. It thus clearly appears that the funds contributed by plaintiff's mother were paid some two years after the purchase of the property and for the purpose of discharging an existing encumbrance thereon. There is no testimony which even remotely tends to connect this payment to the Conservative Savings & Loan Association with any agreement made or transaction had at the time of the purchase of the Grace street property or of its conveyance to the defendant.

Upon these facts the rules applicable are stated in part as a quotation from 2 Pomeroy, Equity Jurisprudence (2d ed.) sec. 1037, in *Chicago B. & Q. R. Co. v. First Nat. Bank of Omaha*, 58 Neb. 548, 78 N. W. 1064, and the proposition made the third syllabus therein as follows: "Where one person buys land in his own name, but with the money, and for the use, of another, the latter is the equitable owner of the property and the former holds the title in trust."

Such quotation is immediately followed in the text in Pomeroy's treatise, italicized as here indicated, as follows: "In order that this effect may be produced, however, it is absolutely indispensable that the payment should be actually made by the beneficiary * * * or that an absolute obligation to pay should be incurred by him, *as a part of the original transaction of purchase,* at or before the time of the conveyance; no subsequent and *entirely independent* conduct, intervention, or payment on his part would raise any resulting trust."

In *Norton v. Brink,* 75 Neb. 575, 110 N. W. 669, in the opinion on rehearing it is said (p. 580) : "The rule is that, in order to establish a resulting trust of this class, it is necessary that the person paying the purchase money should have actually paid it as his own, as a part of the original transaction, at or before the time of the conveyance. The whole foundation of resulting trusts of this class is the ownership and payment of the purchase money by one, when the title is taken in the name of another. 10 Am.

& Eng. Ency. of Law (1st ed.) sec. 8; 2 Pomeroy, Equity Jurisprudence (2d ed.) sec. 1037. And we are not aware that the soundness of this rule has ever been seriously questioned."

Also, in 65 C. J. 371, under the title of "Trusts," it is stated: "A resulting trust must result, if at all, the instant the title passes, and will not arise on other than the state of facts existing when the property is acquired. It cannot be created by subsequent occurrences, and after the legal title has once vested in the grantee of a deed, a resulting trust cannot be raised so as to divest that legal estate by the subsequent application of the funds of a third person to the improvement of the property or to satisfy the unpaid purchase money."

Also under the same title, p. 394, it is said: "The consideration must be furnished or paid at or before the time the title passes as part of the original transaction of purchase, and a subsequent payment will not give rise to a resulting trust, unless it is made in pursuance and as a part of the original transaction of purchase."

In the case of *Belcher v. Young,* 155 Pac. 1060 (90 Wash. 303) the rule is thus stated in the syllabus: "A 'resulting trust' arises from the acts of the parties and the implications of the law arising out of such acts and exists from the time the legal title is taken and rests in the grantee; and no oral agreement or payment before or after the title is taken will create a resulting trust unless the transaction is such at the moment the title passes that a trust results from the transaction itself."

This court has held: "A resulting trust will not be declared upon doubtful or uncertain grounds; and the burden is upon the one claiming the existence of the trust to establish the facts upon which it is based by clear and satisfactory evidence." *Veeder v. McKinley-Lanning Loan & Trust Co.,* 61 Neb. 892, 86 N. W. 982.

It follows as a necessary conclusion that the decree rendered by the trial court was the only one warranted by the pleadings and evidence and it is, therefore,

AFFIRMED.